22819. PERKINS v. PUBLIX THEATRES CORPORATION et al.

STEPHENS, J. 1. Where a suit is brought against several defendants, and the petition is dismissed on general demurrer as to some of them, those remaining are not necessary parties to a bill of exceptions by the plaintiff, excepting to the judgment sustaining the general demurrer. *Mc-Gaughey* v. *Latham*, 63 *Ga.* 67; *Kollock* v. *Webb*, 113 *Ga.* 762 (39 S. E. 339); *Hibble* v. *Mutual Oil Co.*, 170 *Ga.* 694 (153 S. E. 771). And where, after the remaining defendants have been made parties to the bill of exceptions, the plaintiff dismisses the bill of exceptions as to them, the writ of error is not subject to dismissal on the ground that not all necessary parties are made. The motion to dismiss the writ of error, for want of necessary parties, is overruled.

2. Allegations in a petition, in a suit against the managers and operators of a theater, that the plaintiff seeks to recover damages for personal injuries alleged to have been sustained by her while a patron of the theater, caused from the explosion of a highly explosive and dangerous bomb placed in the theater near the seat in which she was sitting and to which an usher of the theater had invited her, that the defendants "knew, or should have known in the exercise of reasonable care," that the bomb was placed in the theater by their agents and employees, that the agents and employees of the defendants who placed the bomb in the theater were "dangerous characters," that the defendants knew, or should have known by the exercise of reasonable care, that the agents and employees were persons of this character and that the injuries which resulted from their acts would be the natural and proximate result of their employment, are allegations to the effect that the defendants were negligent in not knowing that the bomb had been placed in the theater by their agents and employees, and were negligent in not knowing that their agents and employees were dangerous characters, and also were negligent in not knowing that injuries of the kind which resulted to the plaintiff from the placing of the bomb in the theater would be the natural and proximate result of the defendants' employment of agents and servants of such character. *Babcock Lumber Co.* v. *Johnson*, 120 *Ga.* 1030 (48 S. E. 438); *Pacetti* v. *Central of Georgia Railway Co.*, 6 *Ga. App.* 97 (64 S. E. 302).

3. It being the duty of the occupier of a building, who uses it for the purpose of operating a theater into which the public is invited to come as patrons, to exercise ordinary care to keep the premises in a condition safe for those lawfully thereon, where it is alleged in the petition that the bomb had been placed in the theater by the employees and servants of the defendants, who were ushers in the theater and had free access

thereto, and that the defendants were negligent in not knowing that the bomb had been placed in the theater by their agents or employees, that the agents or employees of the defendants who placed the bomb in the theater were "dangerous characters," and that the defendants were negligent in not knowing this fact, and in retaining these men in their employment, and in not knowing that the injuries of the kind which resulted to the plaintiff from the placing of the bomb in the theater would be the natural and proximate result of the defendant's employment of these agents and servants, and that the plaintiff was injured as a result of such negligence, a cause of action is set out which is good against general demurrer. *Pullman Co.* v. *Martin,* 92 *Ga.* 161 (18 S. E. 364) ; *Hudgins* v. *Coca-Cola Bottling Co.,* 122 *Ga.* 695 (50 S. E. 974).

4. The petition is subject to special demurrer, in that it fails to allege specifically wherein the defendants were negligent in not maintaining the theater in a condition safe for its patrons, or in placing the bomb in the theater through its agents and employees, and in not discovering the presence of the bomb, and how the defendants knew that the employees were dangerous characters, and how the defendants were negligent in retaining these men in their employment, and how the defendants knew that the injuries resulting from the acts of the employees were the natural and proximate result of their employment.

5. The allegation that the plaintiff suffered damage in doctor's bills incurred and to be incurred is subject to special demurrer, in that the amount of the bills incurred and the name of the doctor does not appear.

6. The petition is also subject to special demurrer in that it does not show that the acts of the defendants' agents and servants in placing the bomb in the theatre were done in the course of their employment.

7. The fact that a named insurance company had issued a policy of insurance indemnifying the defendants against liability for the negligence alleged is irrelevant to the plaintiff's case against the operators of the theatre; and allegations to this effect in the petition were subject to special demurrer. The plaintiff has no right of action against the insurance company, to recover on the policy. The petition fails to set out a cause of action against the insurance company.

8. The court erred in sustaining the general demurrer of the operators of the theatre; but did not err in sustaining their special demurrers.

9. The court did not err in sustaining the demurrer of the insurance company and in dismissing the action as to this defendant.

10. Since the court properly sustained the demurrer of the insurance company, and this defendant is therefore eliminated, there is presented for determination no question as to a misjoinder of actions or of parties defendant by reason of the insurance company being a party defendant.

11. The judgment sustaining the general demurrer of the operators of the theatre is reversed; but the judgment sustaining the special demurrers as to them is affirmed, with leave to the plaintiff, on or before the remittitur of this court is made the judgment of the trial court, to amend to meet the special demurrers; and on a failure to make such amendment, the judgment sustaining the demurrers as to these defendants will be affirmed, and the petition as to them will be dismissed. *Griffeth* v. *Wilmore,* 46 *Ga. App.* 96 (166 S. E. 673) ; *Wardlaw* v. *Executive Committee*

*of Baptist Convention*, 47 *Ga. App.* 595 (170 S. E. 830). The judgment sustaining the demurrer as to the insurance company is affirmed.

*Judgment reversed in part, and affirmed in part. Sutton, J., concurs. Jenkins, P. J., absent on account of illness.*

DECIDED SEPTEMBER 29, 1933.

*H. R. Lee, George & John L. Westmoreland,* for plaintiff.
*Frank C. Tindall, Charles W. Bergman,* for defendants.