37916, 37929.   PUBLIC NATIONAL INSURANCE COMPANY *v.* WHEAT; and *vice versa.*

696

DECIDED NOVEMBER 17, 1959.

*Nall, Miller, Cadenhead & Dennis, B. Carl Buice,* for plaintiff in error.

*J. B. Headrick, Frank D. Holcomb, Hamilton Lokey,* contra.

FELTON, Chief Judge. ■ It is first contended by the defendant company that the Civil Court of Fulton County does not have jurisdiction since this is essentially an action for personal injuries. That court has "jurisdiction to try and dispose of all civil cases of whatever nature, except injuries to the person or reputation, concurrent with the superior courts." Ga. L. 1956, pp. 3271, 3277. In the absence of policy provisions to the contrary, one who suffers injury is not in privity of contract with the insurer under a liability insurance policy and cannot reach the proceeds of the policy for the payment of his claim by an action directly against the insurer. See *Perkins* v. *Publix Theatres Corp.,* 47 *Ga. App.* 641 (7) (171 S. E. 147); 46 C.J.S. "Insurance," § 1191a. The nature of the injured plaintiff's action against the insurer must be determined from the policy itself, which provides: "No action shall be against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company. Any person or organization or the legal representative thereof who has secured such judgment or written agreement *shall thereafter be entitled to recover under the policy* to the extent of the insurance afforded by this policy . . ." (Emphasis added). This is not a case in which the basis of the action is injuries to the person, as in *Cantrell* v. *Davis,* 176 *Ga.* 745 (169 S. E. 38) and *National Surety Corp.* v. *Boney,* 215 *Ga.* 271 (110 S. E. 2d 406). By the plain terms of the policy provisions under which the plaintiff's right of action arises, this is an action ex contractu and is therefore within the jurisdiction of the Civil Court of Fulton County.

■ Turning now to the pleadings, the defendant contends that the petition is subject to general and special demurrers for failure to allege how notice of the accident was given the company. The petition as amended alleged: "Petitioner shows that when

the collision took place on September 5, 1954, between the automobile being driven by plaintiff and the automobile being driven by M. H. Oliver, which collision was the basis for the suits referred to in Paragraphs 2 and 3 of plaintiff's petition, said M. H. Oliver gave to defendant Public National Insurance Company written notice of said occurrence in accordance with the provisions of the insurance policy issued by said company to Oliver (Exhibit "J" of this petition). Petitioner shows that he has never seen said written notice but the defendant, having received same, knows, through its authorized representatives, whose names are unknown to plaintiff but well known to defendant, the exact contents of said notice and the exact date that said notice was received, and defendant is hereby notified to have and produce at any and all trials of this case all notices, reports, or other written statements it received or took from M. H. Oliver following said collision." Without further discussion, we hold that these allegations of notice were sufficient as against a general demurrer.

Special demurrers 8, 10, 11 and 12 challenging the above allegations as conclusions of the pleader and calling for plaintiff to allege "where, in what manner or on what date" notice was given by the insured are without merit because it appears from the pleadings that this information is peculiarly within the knowledge of the defendant company and available to it. *Farr v. McCook*, 95 *Ga. App.* 749 (3) (98 S. E. 2d 584) and cases cited.

■ It is argued that the evidence is insufficient to show a compliance with the policy provisions relating to notice since the insured in his written report to the company stated that he was not driving his automobile at the time and it refused to defend the suits under an endorsement to the policy limiting the liability coverage to accidents which occur while the insured is personally driving his automobile. The purpose of notice is to enable the insurer to inform itself promptly concerning the accident, so that it may investigate the circumstances, prepare for a defense, if necessary, or be advised whether it is prudent to settle any claim arising therefrom. 5A Am. Jur. 150, "Automobile Insurance," § 151. The insured gave the following written report

of the accident 5 days thereafter to the company's representative: "My name is M. H. Oliver. I am 43 years old. I live at Rt. 2, King Road, Kennesaw, Georgia. I left home on Sept. 5th about 11 o'clock. I had been drinking and got my nephew, Earl Oliver, about 14 or 15 to drive. We first went to Howard Trout's and then went to Ed Hood's. We came back from there to Leonard's Filling Station at Kennesaw and the 4 Lane. I don't remember where we went from there. I was loaded then and I resposes [suppose] I passed out after we left there. I was in the front seat. I don't remember being in the back seat or anything else happening. I had a 1951 Plymouth. My sister, Bessie Boyd, of Rt. 2 Kennesaw, told me she heard that Payne boy took car away from my nephew. To find my sister you go to the old Ben King place. It is a little red house. I know I wasn't driving when this wreck happened up here. I never drove any that Sunday at all. The first thing I remember they woke me up here in jail and took me down to the office. I was here 2 days before I knowed where I was at. I thought I was in Marietta jail all the time. I had a 1951 Plymouth 4 door Cornbrook Sedan. I don't remember a Tant boy being in the car when it was wrecked. My nephew, Earl Oliver, lives where I do in Kennesaw. This is rt. near where my sister lives and is where the Ben King Road goes into the Big Cherry Road about 2 miles E. of Kennesaw. I don't know how the wreck happened. I wasn't driving I know. I wasn't able to stand up, much less drive. I had drunk most of a pint. I have read the foregoing and it is true. This 10th day of September, 1954. /s/ M. H. Oliver." This was sufficient to acquaint the insurer with the occurrence of the accident so as to allow it to avail itself of all the rights of investigation and defense which this provision of the policy was intended to preserve. In giving notice under policy provisions requiring it, the fact that the insured makes a mistake in giving his version of the facts does not relieve the insurer of the liability. 45 C.J.S. 1283, "Insurance," § 1057. This is particularly true where, as here, the report itself shows that the insured was so intoxicated at the time of the wreck as to render it reasonably possible that some of his statements are erroneous. There is no contention that the insured in making

this report violated the policy requirements as to assistance and cooperation on his part. Furthermore, it was not shown that these misstatements were wilfully or intentionally made for the purpose of defrauding the company. *Phenix Ins. Co.* v. *Jones,* 16 *Ga. App.* 261 (1) (85 S. E. 206). This evidence of compliance with the policy provisions is sufficient as a matter of law and the court did not err in overruling the defendant's motion for a judgment n.o.v. and the general grounds of its motion for a new trial.

■ Special grounds 4 and 5 complain of the admission into evidence of Form SR-22, Georgia Safety Responsibility Insurance Certificate and Form SR-26, Notice of Cancellation or Termination of Georgia Safety Responsibility Insurance Certificate. The relevancy of these documents is also challenged by ground 13 of the defendant's demurrers. Both of these forms were executed by the company and indicate that a certain motor vehicle liability policy was issued to the insured effective from October 30, 1953, to October 30, 1954, and was terminated on the latter date. The defendant contends that both of these documents were inadmissible as privileged documents under Section 11 of the Motor Vehicle Safety Responsibility Act of 1951 (Ga. L. 1951, pp. 565, 574; Code, Ann., § 92A-612), and that they sought to vary the terms of the insurance policy. Since it is admitted that this policy was in force and effect at the time of the accident and since no legitimate issue as to its construction is involved in this litigation, the admission of these documents was not prejudicial to the defendant for any reason assigned and there is no merit in any of these grounds nor in the demurrer.

■ Special grounds 6 and 7 assign error on the refusal of the court to admit certain evidence tending to show that the insured was not the driver of the automobile at the time of the accident. Each of the suits in the Superior Court of Cobb County alleged that the insured, M. H. Oliver, defendant therein, was driving his automobile for his own comfort and pleasure at the time of the collision. The uncontradicted evidence in the case at bar discloses that the insured gave the company actual notice of the pendency of these suits, together with a copy of the pleadings therein, in ample time to allow it to participate in the de-

fense. In the absence of fraud and collusion, if an automobile liability insurer who has a right to defend actions against the insured has timely notice of such an action and elects not to defend, the judgment in such case is binding on the insurer as to issues which were litigated therein, when the insurer is later sued by the injured person. 5A Am. Jur. 344, "Automobile Insurance," § 191. In view of the above allegations, the issue 'of whether the insured Oliver was the driver of his car at the time of the accident was necessarily adjudicated in the litigation in Cobb Superior Court since no theory appears upon which the jury in that court could have found the insured liable unless it found him to be the driver. Therefore, the insurer, who had ample notice of those suits and elected not to defend them, is not entitled to relitigate this issue in the present action. The court did not err in failing to admit the evidence complained of in these grounds.

██ The issue of attorney's fees gives rise to a number of assignments of error by the defendant. In his petition, the plaintiff sought to recover attorney's fees, alleging that the defendant "has acted in bad faith, has been stubbornly litigious and has caused plaintiff unnecessary trouble and expense . . . has arbitrarily refused to pay anything and even refused to discuss the matter or answer communications from plaintiff's counsel relative thereto." Ground 9 of defendant's demurrer urges that attorney's fees are not justified as an item of recovery. The court did not err in overruling this demurrer. Code § 20-1404.

██ Special grounds 8 and 9 of the amended motion for new trial assign error on the admission of the testimony of certain attorneys relative to the reasonable value of attorney's fees in this action, it being contended that no basis for recovery thereof is shown by the evidence and that the defendant had reasonable grounds for its refusal to pay the plaintiff's claim since its investigation had revealed that the insured was not driving his car at the time of the accident. Howsoever this may be, when this issue was adjudicated adversely to the position of the company in Cobb Superior Court under the circumstances stated above, its insistence upon an unwarranted opportunity to relitigate the same issues in the instant action could constitute stub-

born litigiousness on its part and the court did not err in admitting the evidence in support of the plaintiff's claim for this item.

■ Special grounds 10 through 13 assign error on the refusal of the court to admit certain evidence offered by the defendant to show the results of its investigation. As stated above, the defendant was not entitled to rely on its previous investigation in good faith, after the adjudication of these issues adversely to it. The court did not err in refusing to admit this evidence.

■ Special ground 14 assigns error on the charge of the court placing on the defendant the burden of proving certain affirmative allegations in its answer. One of the matters treated as an affirmative allegation is the contention that the defendant was not the driver of the automobile, as previously discussed. Since the defendant was not entitled to relitigate this issue for the reasons already stated, the charge in relation to this matter could not have prejudiced it. Another item submitted as an affirmative allegation was the contention that the insured had failed to give proper notice for the reason that he represented in his report that he was not the driver of his car. While the burden is on the plaintiff to prove the giving of notice by the insured in compliance with the policy provisions, we have already decided that the reason set forth in this allegation in the defendant's answer did not render the notice insufficient. Therefore, there was no prejudice to the defendant in this portion of the charge.

■ Special ground 15 assigns error on the following charge: "Gentlemen, it is your duty to reconcile all of the testimony in the case, if it is possible, imputing perjury to no one, but if any parts of the testimony are in such conflict as to make it impossible for you to reconcile it, then you must believe that testimony which to your mind seems most reasonable, probable and truthful in the case, as you are the exclusive judges of the reasonableness of the testimony and credibility of the witnesses." It is contended that this led the jury to believe that testimony of witnesses should be accepted in preference to documentary evidence and in particular that this charge excluded from the jury's consideration the statement of the insured that he was not driving his car at the time of the accident. As stated above, this matter was not pertinent. No other conflict

is shown and there is no merit in this ground. *Powell* v. *Jarrell*, 65 *Ga. App.* 453, 461 (16 S. E. 2d 198).

■ Special grounds 16 and 18 complain that the court erred in submitting to the jury the question of the sufficiency of notice under the terms of the policy. In *Metropolitan Life Ins. Co.* v. *Foster*, 53 *Ga. App.* 21, 25 (184 S. E. 660) this court held that "the construction and sufficiency of the proof of loss furnished by the assured were matters for the court to determine, and that the judge properly excluded this from the consideration of the jury." Applying this principle to notice, as distinguished from proof of loss, we cannot say that the legal sufficiency thereof was a matter for the jury, but since, for the reasons stated in Division 3 of this opinion, the notice admittedly given by the insured was as a matter of law sufficient compliance with the terms of the policy requiring it, the submission of this issue to the jury could not have prejudiced the defendant and there is no merit in this ground.

■ Special ground 17 complains of the charge of the court relative to consideration by the jury of Form SR-22. After quoting the provisions of Section 7A of the Motor Vehicle Safety Responsibility Act of 1951 (Ga. L. 1951, pp. 565, 571) concerning the grounds for revocation of license and the conditions for reinstatement thereof the court charged: "Now, it is contended that when this form which has been spoken of as SR-22 was filed with the Department of Public Safety, Bureau of Safety Responsibility, that the insurance company was saying to them that they had such a policy that would cover M. H. Oliver under the terms and conditions as set forth in the Responsibility Act, Section 7A which I have just referred to. Now, gentlemen, it is up to you to determine whether or not this policy is such a policy because it says under the policy that they have complied with the provisions of that act, and they also have set out on Form SR-22 that such provisions have been complied with." It is contended that this charge allowed the jury to vary the terms of the insurance policy. However, it is plain from the language above set forth that the court restricted the jury's consideration of Form SR-22 to the issue of whether the policy was a liability insurance policy of the type referred to in the act which would

cover M. H. Oliver. Since the defendant concedes that it had issued such a policy and that it was still in effect at the time of the accident, there appears to be no prejudice in this charge and no merit in this ground.

■ Special grounds 19 and 20 complain that the charge of the court on the subject of recovery of attorney's fees was not justified by the evidence. For the reasons stated in Division 6 of this opinion, these grounds are not meritorious.

■ Special ground 21 assigns error on the exclusion of certain testimony as to the nature of the plaintiff's injuries. For reasons similar to those stated in Division 5, the defendant was not entitled to relitigate this issue and the court did not err in excluding this evidence.

■ The defendant has had its day in court and has been allowed to relitigate issues which should have been foreclosed to it. The jury has nevertheless returned a verdict against it 'and a new trial is not warranted. The court did not err in denying the amended motion for new trial or in denying the motion for judgment notwithstanding the verdict.

*Judgments affirmed on the main bill of exceptions. Cross-bill dismissed. Quillian and Nichols, JJ., concur.*