## 49535. ALLSTATE INSURANCE COMPANY v. HARRIS.

EVANS, Judge.

On January 1, 1970, Allstate Insurance Company issued a policy of insurance containing various liability coverages to certain dealer corporations of the Chrysler Corporation and Chrysler Motor Corporation Marketing

Investment Program, which included Bill Jones Dodge City, Inc., Augusta, Georgia.

On Saturday, January 17, 1970, this policy was in full force and effect, on which date James Bryan Gray, a resident of South Carolina, and a young soldier friend, Chuck Palmer, while on a three-day drinking spree, visited Bill Jones Dodge City, Inc. to look at automobiles. Gray negotiated a purchase of an automobile and obtained possession of a 1970 Dodge from Jones. He contended he had no intention of buying it, but gave two checks, one for $25 and one for $3,800, on a non-existent bank account in payment of the automobile. The $3,800 check was for $3,800 as to the figures, but for only $38 as to the written portion. During negotiations, and before delivery of the automobile, Gray left Palmer at Dodge City, so he might go to a liquor store, as he contends, although Jones contends he left to arrange insurance coverage for the automobile. Gray admits that he did call the dealership and fictitiously represent himself to be an insurance agent in Bath, South Carolina. Jones then turned the proposed automobile over to Palmer to deliver to Gray. Gray was to return the following Monday. No papers of any kind were given to him or to Palmer.

Gray, on the same date, with several passengers in the automobile, while driving under the influence of intoxicants, at an excessive rate of speed, on the wrong side of the Gordon Highway in Richmond County, Georgia, collided with an automobile driven by Alvin Harris, Jr. Mrs. Connie Mobley Harris, wife of Alvin Harris, was a passenger in the Harris car. Both husband and wife suffered personal injuries.

A bill of sale and the transfer of the manufacturer's statement of origin of the automobile from Jones to Gray were thereafter prepared by Jones and completed on the following Tuesday (dated "1-20-70"). This was four days after the collision.

Connie Mobley Harris sued James Bryan Gray, alleging defendant to be a nonresident of Georgia, contending he was driving the car by permission of the alleged insured, Jones. She sought damages for her own personal injuries and loss of consortium by reason of her husband's injuries. By amendment, Bill Jones Dodge

City, Inc. was added to the original complaint as a second defendant, because of Jones' negligent entrustment of the vehicle to an incompetent driver, unfit to drive by reason of his intoxication. She also alleged falsifications by Jones of certain records to show an actual sale of the vehicle by Jones to Gray.

Defendant Gray did not answer, and the case became in default as to him. Defendant Jones answered, and admitted jurisdiction but denied the remainder of the complaint, and alleged a completed sale to Gray and that Gray was thus not driving the car with "permission" of Jones.

After a trial, judgment was returned against defendant Gray only, for $24,000 ($16,000 as actual damages and $8,000 as punitive damages). Plaintiff then made a demand upon the insurance company (Allstate) which refused to pay the judgment.

Plaintiff filed suit against the Allstate Insurance Company as the insurer under the policy, and alleged the policy was in full force and effect at the time of the injuries. Plaintiff also sought to recover punitive damages of 25% of the judgment ($6,900) and $10,000 as attorney fees, under Code Ann. § 56-1206 (Ga. L. 1960, pp. 289, 502; 1962, p. 712).

Allstate answered this suit, admitted jurisdiction, and that judgment had been recovered against Gray and that plaintiff had demanded payment of Allstate. Defendant denied liability and contended the sale to Gray resulted in no coverage under its policy. It also pleaded estoppel by judgment in that no judgment had been returned against its insured, Jones; and since plaintiff was not the holder of the policy of insurance it was not entitled to 25% penalty or attorney fees for bad faith.

After discovery and stipulation of certain evidence, motions for summary judgment were filed by both parties. Both plaintiff and defendant amended their pleadings before the final hearing of the motions for summary judgment. In this action plaintiff sought expenses of litigation and attorney fees by reason of bad faith of the insurer to evade its liability under the policy under Code § 20-1404. Defendant, by its amendment, defended on the ground that it was in privity with Jones; and that no

question litigated with Jones could be relitigated with it; and that the question of possession of the automobile had been determined to be in Gray and not in Jones as a result of the first suit.

After a hearing, the court granted a partial summary judgment in favor of the plaintiff as the amount of the judgment in the former case ($24,000), leaving for jury determination the question of punitive damages. The court overruled defendant's motion for summary judgment. Defendant appeals. *Held:*

1. In the tort action, judgment was returned against defendant Gray, but not against defendant Jones. But for the negligence of these defendants to have been imputed to another (defendant Allstate), then Allstate must have been in privity with one of them so as to create the relation of principal and agent. Code § 105-205. No such relationship existed between any of these parties in tort, and there is no privity as between the defendant Allstate and Gray or Jones, but only as to possible coverage under the liability policy of insurance then in effect. Whether or not there is coverage under the policy remains for consideration by a jury from the facts since more than one inference may be drawn from the evidence. *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 4, 6 (126 SE2d 442); *McCarty v. National Life &c. Ins. Co.,* 107 Ga. App. 178 (1) (129 SE2d 408).

Each party seeks to assert that a judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which might have been put in issue. Code § 110-501. But same is not absolutely shown beyond peradventure by the evidence submitted at the first trial of the tort action. For only if there be no coverage as to Gray can there be a finding of no privity. The automobile, if owned by Jones with Gray as permissive user, would show coverage and privity between the parties under the policy of insurance. While Gray is not a "named insured" within the meaning of the policy, or the holder of the policy, he could be an insured person for the policy insures those driving the car with permission of the named insured. Since plaintiff may be a beneficiary under the policy by reason of defendant Gray's coverage, as a

permissive user, questions of fact remain as to whether or not there is coverage under the policy. The provisions of a policy must be construed most favorably toward coverage and against the insurer if it is in anywise ambiguous. Code Ann. § 56-2419 (Ga. L. 1960, pp. 289, 667); Code § 20-701; *Johnson v. Mutual Life Ins. Co.,* 154 Ga. 653 (2) (115 SE 14); *Penn Mutual Life Ins. Co. v. Milton,* 160 Ga. 168, 171 (127 SE 140).

2. Many questions of fact remain for jury determination in this case, for if there was a sale, as the jury might infer from the evidence, then Gray would *not* be a permissive user. If there was no sale, then, of course, *Gray was allowed to have the automobile within his possession as a permissive user.* Therefore, the court properly denied defendant's motion for summary judgment, but erred in granting a partial summary judgment in favor of plaintiff. See *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 4, supra; *McCarty v. National Life &c. Ins. Co.,* 107 Ga. App. 178 (1), supra.

3. A liability insurance company may not be held liable to a possible beneficiary under the policy who has obtained a judgment against the insured for alleged bad faith, fraud or negligence on the part of the insured in failing to settle the judgment with this beneficiary who is *not the holder of the policy* under the contract with the insured. The proposed beneficiary in this case is not a party to the insurance contract, and may not complain of the negligence, fraud or bad faith of the insurer in refusing to pay the claim. *Francis v. Newton,* 75 Ga. App. 341 (1) (43 SE2d 282). See also *Leonard v. Fireman's Ins. Co.,* 100 Ga. App. 434, 437 (111 SE2d 773). Therefore, partial summary judgment as to this issue should have been granted in favor of the defendant.

*Judgment affirmed in part and reversed in part. Pannell, P. J., and Webb., J., concur specially.*

ARGUED JULY 9, 1974 — DECIDED DECEMBER 4, 1974 — REHEARING DENIED DECEMBER 18, 1974 — ▮

*Allgood & Childs, T. Allen Childs, Jr.,* for appellant. *George B. Rushing,* for appellee.

PANNELL, Presiding Judge, concurring specially.

I feel that some additional statement of facts is necessary in order to properly understand the results reached and how the results are reached. The present action is against an alleged insurance carrier and upon a judgment obtained against one, Gray, in a prior tort action. This prior tort action was brought against Gray alleging negligent operation of an automobile. Bill Jones Dodge City, Inc., was later added as a party-defendant and a recovery against it sought on the basis of negligent entrustment of the automobile by Jones Dodge to Gray. Gray failed to answer and became in default. Jones Dodge answered, defending on the grounds that it had sold the automobile to Gray, there was no negligent entrustment, and that the sole proximate cause was negligence of one other than Jones Dodge. Upon the trial, the jury found general damages of $16,000 and punitive damages of $8,000 against Gray only.

The insurance company refused to pay the judgment and the present action followed, seeking recovery of the $24,000 and attorney fees for bad faith in refusal to pay within 60 days after demand under Code Ann. § 56-1206.

The defenses set up by the insurer, in addition to denial of liability, were to the effect that a sale had taken place (of the automobile to Gray) and thus Gray was not a permissive user of an owned automobile as defined in the comprehensive coverage provisions of the policy; that the garage provisions of the policy as to the coverage of a permissive user qualify the permissive user definition, in that area, by excluding an automobile the "possession of which has been transferred to another by the named insured pursuant to an agreement of sale. . . " The insurer also defended on the ground that the prior judgment "necessarily determined as an essential element of such judgment that Bill Jones Dodge City, Inc., had sold or surrendered the possession of the said automobile, under an agreement of sale, to the said James Bryan Gray"; and also that penalties and attorney fees were not recoverable against the insured in this action under Code Ann. § 56-1206.

By amendment, another defense was filed alleging the permission to drive the automobile was obtained by

fraud and deceit excludable from coverage under the policy.

Both sides moved for a summary judgment and after hearing and introduction of an entire transcript in the prior action, the trial judge overruled defendant's motion for summary judgment and partially granted plaintiff's motion by granting judgment for the $24,000 recovered in the prior action, leaving only the question of damages and attorney fees for bad faith in refusing to pay on demand to be decided by the jury.

In addition to the facts stated in the majority opinion, the testimony of Gray disclosed that he and Palmer had been drinking together for two days and nights prior to Saturday, June 17, 1970, and had not bathed or changed clothes or shaved during that time and were drinking on that day at Jones Dodge. It also appeared that after the larger check in payment of the automobile was given the manager made inquiry of an official of the bank on which the check was drawn, but the official knew nothing about Gray, except that his father was well-to-do. He was unable to verify the check or the account as the bank was closed on that day. The manager then decided to take the risk of the check being good. The only paper signed and dated January 17, 1970, was the purchase order which bore an approval of Jones Dodge. Other papers requiring Gray's signature were signed by him on January 17, 1970. These were papers relating to taxes on the automobile and an application for title to the State of South Carolina, the state in which Gray lived. It further appears, however, that these papers were filled out by a stenographer in due course of business on Tuesday, January 20, 1970. A purported bill of sale signed by Jones Dodge was also dated January 20, 1970. The reason given for handling the transaction in this manner was that no typist was present on the day the transaction took place, to wit: January 17, 1970. It further appears that the manager and others at Jones Dodge had notice of the occurrence of the wreck sometime on Monday morning, the 19th. Other testimony disclosed that after the accident, Jones Dodge, upon investigation of the occurrence by the insurer, took two different positions on different occasions as to whether the delivery of the automobile to Gray was

intended to be a complete sale at that time or not. At this point, we think it could be stated that the evidence sustained the concept that inasmuch as the documents could not be completed until Monday, Gray was permitted to take possession of the car upon his securing insurance on the automobile (which he advised them that he had secured by pretending to be the insurance agent, in a telephone call) with the expectation and understanding that he return on Monday to pick up the papers.

I agree with the conclusions reached by the majority in holding that the prior verdict and judgment was neither res judicata nor estoppel by judgment as between the parties to the present case, except as to the amount of such judgment, however, I do not agree with everything that was said in so deciding. In the prior suit the jury could have found that Gray was negligent while driving with the permission of Jones Dodge (coverage by the insurance) but that Jones was not guilty of negligent entrustment (Jones not liable), so the release of Jones by the jury in the prior case was not necessarily an adjudication of facts which would release the insurer. On the other hand, the jury in the prior case could have found there was a completed sale, thus releasing Jones and still holding Gray liable for damages. This type of finding would have released the insurer. The record in the prior case, not disclosing which fact or facts were found by the jury, we must hold that such facts as would have released the insurer were not of necessity so found in the verdict or necessary for the verdict to have been found, and under these circumstances we cannot say the verdict and judgment was a bar to the present action against the insurer. For these reasons I concur in the judgment reversing the trial judge's grant of a partial summary judgment for plaintiff and the judgment affirming the denial of summary judgment for defendant relating to the effect of the prior action and the verdict and judgment thereon.

I might add further, that the majority opinion does not rule upon other alleged contentions by the defendant insurer as to why the denial of a summary judgment to it as to the merits of the case was improper. One of these is the contention of the defendant insurer that the evidence

demands a finding the possession and permission to use the automobile was secured by fraud from Jones Dodge, and relies upon a citation of foreign authority that such would be a proper ruling. Assuming, without deciding that such a ruling would be proper if the evidence demanded a finding that Jones Dodge was defrauded, it does not so demand in the present case. The evidence here is sufficient to authorize a finding that Jones Dodge, in the exercise of ordinary care, should and could have discovered that fraud was being perpetrated prior to the surrender of the possession of the automobile. Therefore, in my opinion, this defense asserts no reason under the evidence why the defendant should have a summary judgment.

The other argument presented is that the garage provisions of the policy exclude from the coverage of a permissive user situations where the possession of the automobile was given pursuant to a contract of sale. This argument overlooks the fact that even if there be no coverage under the garage provision to the policy, there is coverage, or may be coverage, under the comprehensive provisions of the policy, which contains no such exclusion.

I am authorized to state that Judge Webb joins me in this special concurrence.