## 57825. FOX v. STANISH.

DEEN, Chief Judge.

1. The Workers' Compensation Act as first adopted and as it appeared in the Code of 1933, gave an option to both the employer and employee to reject its provisions, and former Code § 114-201 provided that the parties were presumed to have accepted the provisions of the Act unless notice as therein specified was given to the contrary. The present Code §§ 114-110, 114-111 on the contrary create a conclusive presumption of coverage unless otherwise specifically provided in the Act. Further, the original provision that an employer not operating under the Act was liable to an action in tort but lost his common law defenses of contributory negligence, fellow servant doctrine and assumption of risk (former Code § 114-204; Ga. L. 1920, p. 177) was entirely eliminated. The penalties which may presently be assessed against an employer who fails to meet the requirements of the Act are the assessment of damages and attorney fees (Code § 114-603) and criminal prosecution as a misdemeanant (Code §§ 114-9905; 114-9907). See Ga. L. 1972, p. 929 et seq., where Georgia was removed from the minority of "elective" states, and 2A Larson's Workmen's Compensation Law, § 67.10. Cf. Shaw v. Industrial Commission, 490 P2d 18 (1) where it was held: "Unfortunately for both the injured employee and her employer, who is the petitioner before this Court, the employer was required to carry workmen's compensation insurance and failed to do so. This fact does not change the applicable law." See also *Elliott Addressing Machine Co. v. Howard,* 59 Ga. App. 62 (2) (200 SE 340) (1938). Under the present Code § 114-103 the remedies provided and penalties for noncompliance available exclude all other rights and remedies of the employee against the employer. Thus, under no circumstances may an employee bring a tort action against an employer even though the latter has failed to comply with the Act.

2. The so-called no-fault automobile insurance provided by the Georgia Motor Vehicle Accident Reparations Act (Ga. L. 1974, p. 113 et seq.; Code Ch. 56-34B) requires the owner of an automobile to carry both

liability insurance in accordance with the requirements of the Motor Vehicle Safety Responsibility Act (Code § 68C-307) and protection for certain stated classes of insureds such as the owner and certain relatives, occupants of the vehicle, and pedestrians injured by it. Code § 56-3403 (b) is thus, as analyzed in *Standard Guaranty Ins. Co. v. Davis,* 145 Ga. App. 147, 149 (243 SE2d 531) (1978), composed of two basic coverages, one relating to liability for negligence to the public generally, and the other relating to an extended group of "insureds" without regard to negligence or fault. It was there held that no-fault coverage does not impinge upon the liability provisions of an automobile insurance policy. "Expressions of liability to another are totally inconsistent with expressions of payment for injuries without regard to fault, especially where personal injury payments are available to only a limited class of persons." Id., p. 150. The appellant has cited no case, and we have found none, where "no-fault" provisions of Code § 56-3403b (b) may be extended so that the liability insurance assets specified under Code § 56-3403b (b) (a) may be reached by an injured plaintiff regardless of whether she could or could not bring a tort action against the insured owner.

3. We apply the above law to the facts of this case as follows: The defendant owner-operator of the insured vehicle was the employer of the plaintiff occupant, regularly employed over three persons in his business, and the accident in which the plaintiff was injured arose out of and in the course of her employment. The defendant employer has not complied with the provisions of the Workers' Compensation Act and has no workers' compensation insurance. These latter facts do not alter the plaintiff's predicament, for she is barred under the provisions of Code § 114-103 et seq. from any remedy except that provided by the workers' compensation law. This necessarily means that she cannot bring an action in tort against her employer, although she may treat him as a self-insurer and file a claim under the Act, and also seek penalty and attorney fees. But she may not bring a tort action, and she may not require payments under the liability provisions of the Motor Vehicle Reparations Act. The defendant was in fact insured for, and she did receive,

medical and hospital benefits up to the limit of $5,000 under Code § 56-3403b (b).

The trial judge properly granted the defendant's motion for summary judgment.

*Judgment affirmed. Birdsong and Carley, JJ., concur. Shulman, J., not participating.*

ARGUED MAY 7, 1979 — DECIDED JUNE 13, 1979 — REHEARING DENIED JULY 3, 1979.

*Gary L. Davis,* for appellant.

*Webb, Fowler, Tanner & Edmondson, J. L. Edmondson,* for appellee.