58194. ALLIED CHEMICAL CORPORATION v. PEACOCK et al.

QUILLIAN, Presiding Judge.

The plaintiff and her husband brought an action in the State Court of Bibb County against Allied Chemical Corporation, Carl L. Flair, Donald McCarty, and Gary Mullis. The complaint alleged that the plaintiff was an employee of Allied Chemical Corporation at its plant in Bibb County; that the defendant Flair was the general manager of the plant; that the defendant McCarty was the assistant manager of the plant; that the defendant Mullis

was an agent of the corporation and a supervisor over the plaintiff. At approximately 7:00 a.m. on January 18, 1977, the plaintiff drove her automobile to the premises of the defendant Allied Chemical and went about the duties of her employment; the furnace providing heat for the building area where the plaintiff worked was inoperative and it was so cold in the work area as to be practically uninhabitable; the weather was very cold and densely cloudy and snow flurries began to occur; the weather continued to worsen and the snow began to accumulate so that by 8:00 a.m. it was obvious that a severe snow storm was in progress accompanied by hard freezing temperatures.

It was further alleged that about this time representatives of Allied Chemical made inquiries of the Georgia State Patrol concerning road conditions in the Macon area and were informed that the situation was becoming extremely perilous and it would be advisable to let the employees go home immediately. A snow storm is a highly unusual event in central Georgia and there are no facilities for traveling on roads and highways on which snow has accumulated; the plaintiff lived 11 or more miles from her place of employment and became concerned that she would be unable to get back home unless she left before there was a greater accumulation of snow on the streets and roads. Therefore, the plaintiff requested permission from her superior, defendant Mullis, to leave but the defendant Mullis refused her request and informed the plaintiff she would be fired if she left her employment to go home. Subsequently, the plaintiff and a number of other employees requested permission from defendants Mullis and McCarty to leave and the defendant Flair, with full knowledge of the perilous and dangerous conditions, refused to permit plaintiff and her co-employees to leave while it was reasonably safe for them to do so. All the requests were made at a time when it would have been safe for the plaintiffs and others to return to their homes. Snow continued to fall and accumulate and at approximately 9:45 a.m. the plaintiff's work area was closed down and employees in the area were sent home. This action made it necessary for the plaintiff to leave the plant; she was left with no

alternative except to attempt to return home. By this time the snow storm had created a situation of crisis proportions in which all the public transportation facilities in the Macon area were paralyzed; the plaintiff was compelled to attempt to drive her automobile home or become trapped in the snow. As the plaintiff was attempting to proceed in her vehicle along U. S. Highway No. 80 in the direction of her home, the vehicle slipped and skidded on the icy snow-covered highway, struck a fixture in the curb, threw the plaintiff out on the ground. The vehicle ran over the plaintiff's left leg and she sustained severe and permanent injuries as a result thereof.

The defendants were alleged to be negligent in the following particulars: 1) in refusing to permit plaintiff to leave her employment at a time when she could have effected a safe return; 2) in shutting down the plant and compelling the plaintiff to vacate the same when she could not safely do so; 3) in failing to provide plaintiff and others similarly situated a safe means of transportation home after the defendants had created a situation making it impossible for her to safely travel; 4) in failing to warn the plaintiff and others of the true conditions of the roads in the Macon area after they had acquired actual knowledge of the same; and 5) failing to avert the perilous situation they had created through their refusal to allow plaintiff to leave her employment by providing some place of refuge until a safe trip could be made. The complaint contained a second count in which the plaintiff's husband sought to recover damages for medical expenses he incurred in the plaintiff's treatment.

The defendant Allied Chemical Corporation filed a motion to dismiss the complaint predicated on several grounds among which were that the complaint showed on its face that the plaintiff was an employee of the defendant Allied Chemical and that the acts and omissions alleged by the plaintiff as giving rise to a cause of action related to her employment with this defendant and according to the allegations the injuries and damage if any she sustained arose out of and as a result of the scope and course of her employment and plaintiff is therefore barred from maintaining this action against her employer pursuant to provisions of the Georgia Workers' Compensation Act.

The trial judge overruled the defendant's motion to dismiss but certified the judgment overruling the motion was of such importance to the case that immediate review should be had. Pursuant thereto the defendant made application for interlocutory appeal which application was granted by this court and appeal thereupon followed. *Held:*

The allegations of the complaint affirmatively reveal that any cause of action for negligence on the part of the defendant is related to the employment of the plaintiff. That is, if the defendant was negligent such negligence arose out of and in the course of the employment. Since the parties stipulated that the defendant had more than three employees, recovery, if any there be, must be sought under the provisions of the Workers' Compensation Act and not by a suit for negligence. It was therefore error to overrule the defendant's motion to dismiss which was predicated on this ground.

*Judgment reversed. Smith and Birdsong, JJ., concur.*

ARGUED JULY 10, 1979 — DECIDED SEPTEMBER 10, 1979 —

*Joseph H. Davis,* for appellant.
*Manley Brown, H. T. O'Neal, Jr., S. Phillip Brown,* for appellees.