## 59331. SAMUEL v. BAITCHER et al.

SOGNIER, Judge.

Appellant Samuel suffered an on-the-job injury in September, 1974, in the course of his employment as a waiter for The Flame Restaurant, a corporation owned and operated by Daniel and

Barbara Baitcher. The Flame was legally required to carry workers' compensation insurance and Samuel made a timely claim for payments, subsequently receiving an award and judgment. However, The Flame had no workers' compensation insurance in effect at the time of Samuel's injury. It was also bankrupt, out of business, and unanswerable for damages. Samuel then filed this tort action for money damages against the Baitchers individually, as principal owners, officers and directors of the defunct corporation, alleging that their negligence in failing to obtain and keep in force the proper insurance as required by Code Ann. Ch. 114-6 made them liable to him for the amount of the award, plus such further damage as might accrue to him "which is covered by his Workmen's Compensation award by reason of their negligence." After pretrial proceedings the trial court dismissed Samuel's complaint for failure to state a claim, and this appeal ensued. Samuel argues that he was entitled to recovery under either of two theories: (1) that corporate managers who fail to keep their corporations in compliance with legal requirements may be personally liable to third parties injured by such failure; or (2) that when the trial court struck appellees' answer for wilful failure to make discovery they were automatically in default and thereby admitted their liability to him as a matter of law.

1. We agree with appellant that the appellees as general managers and officers (employees also) of the corporation were charged with the responsibility of the corporation's compliance with the workers' compensation laws. However, *Herring v. R. L. Mathis &c. Co.,* 118 Ga. App. 132 (162 SE2d 863) (1968), and other cases cited by appellant do not sustain his right to recover. Indeed, the issue has recently been decided adversely to his contentions.

In *Smith v. White Lift of Dalton,* 145 Ga. App. 596 (244 SE2d 117) (1978), after the plaintiff unsuccessfully attempted to collect the amounts awarded to him by a workers' compensation administrative law judge for a work-related injury, he brought suit against his corporate employer and the sole shareholder and officer of the corporation, seeking damages allegedly caused by these defendants' negligent failure to purchase workers' compensation insurance. This court there held: "Plaintiff, in his complaint, admits that he is seeking recovery for damages by reason of personal injury arising out of and in the course of employment, which is subject to the provisions of the Workmen's Compensation Act. Where an employee has accepted the Workmen's Compensation Act his rights against his employer to recover because of the breach of any duty arising out of that relation are determinable solely under the

provisions of the Act, and are not determinable at common law. [Cit.]" Accord, Johnson v. Bialick, 200 NW2d 172 (Minn. 1972). See generally, 2A Larson, Workmen's Compensation Law, § 67.21.

We recognize that in *Smith* suit was brought against both the corporate employer and the individual officer and shareholder, and that other cases following this theory have been brought solely against the employer. E.g., *Haygood v. Home Transportation Co.,* 149 Ga. App. 229 (253 SE2d 805) (1979); *Fox v. Stanish,* 150 Ga. App. 537 (1) (258 SE2d 190) (1979); *Allied Chemical Corp. v. Peacock,* 151 Ga. App. 278 (259 SE2d 681) (1979). See generally, 31 Mer. L. Rev. 236 (1979). However, we view Samuel's suit against the officers merely as an attempt to evade by indirection the direct strictures of the Workers' Compensation Act as to exclusiveness of remedies against the employer. Code Ann. § 114-103 (Ga. L. 1974, pp. 1143, 1144). In any event, since the 1974 amendment also specifically prohibits common law recovery against employees of the same employer for negligence causing the covered injury, the same rule should apply as well to suits for negligent failure to provide insurance under the act.

Thus, what was said in *Fox v. Stanish,* 150 Ga. App. 537 (1), supra, applies equally here: "The penalties which may presently be assessed against an employer who fails to meet the requirements of the Act are the assessment of damages and attorney fees (Code § 114-603) and criminal prosecution as a misdemeanant (Code §§ 114-9905; 114-9907). . . Under the present Code § 114-103 the remedies provided and penalties for noncompliance available exclude all other rights and remedies of the employee against the employer. Thus, under no circumstances may an employee bring a tort action against an employer even though the latter has failed to comply with the Act." Harsh though this may be, "recovery, if any there be, must be sought under the provisions of the Workers' Compensation Act and not by a suit for negligence." *Allied Chemical Corp. v. Peacock,* 151 Ga. App. 278, 281, supra.

2. It follows that the trial judge correctly granted the motion to dismiss apellant's complaint for failure to state a claim upon which relief could be granted. *Allied Chemical Corp. v. Peacock,* supra.

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

ARGUED FEBRUARY 6, 1980 —
DECIDED MAY 13, 1980 —

*Kenneth G. Levin,* for appellant.
*Gary M. Goldsmith, A. J. Block, Jr.,* for appellees.