62759. LAVENDER v. SPETALNICK et al.

SOGNIER, Judge.

Lavender suffered an on-the-job injury on April 16, 1972; on August 7, 1973 she received a final award from the full board of the Georgia Board of Workmen's Compensation against her former employer, Ronotto, Inc. Ronotto, Inc. did not have workers' compensation insurance and Lavender was unable to collect her award.

On March 9, 1981 Lavender sued Ronald and Marjorie Spetalnick seeking to recover the amount of her award against Ronotto, Inc. on the theory that the Spetalnicks were the agents to procure workers' compensation insurance for Ronotto, Inc., and had failed to do so. Lavender alleges that the failure to procure insurance was a breach of a statutory duty owed to her. Our Supreme Court has recently recognized such a cause of action in *Samuel v. Baitcher,* 247 Ga. 71 (274 SE2d 327) (1981), reversing this Court's decision in *Samuel v. Baitcher,* 154 Ga. App. 602 (269 SE2d 96) (1980).

The trial court held that Lavender's suit was barred by the statute of limitation and granted the Spetalnicks' motion to dismiss.

We affirm.

Appellant contends the trial court erred in dismissing her complaint because the Supreme Court's decision in *Samuel v. Baitcher,* supra., breathed life into her nine-year-old claim. We do not agree. *Samuel v. Baitcher* recognized a cause of action for personal injury against the agent of an employer who failed to procure workers' compensation insurance on the theory of negligent failure to perform a statutory duty. Similarly, Lavender's cause of action arose upon a breach of duty by her former employer's agents to procure workers' compensation insurance.

Appellant's final award from the Workmen's Compensation Board was made payable over a 400 week period. Appellant contends that the case is analogous to an entire contract for a stated sum payable in installments, and that her damage did not fully accrue until the failure to pay the final 400th installment, at which time the statute of limitation began to run. In an action for personal injuries based upon alleged negligence of the defendant, the statute of limitation commences to run from the breach of the duty, not from the time when the extent of the resulting injury is ascertained. *Brewer v. Southern Gas Corp.,* 90 Ga. App. 81, 82 (82 SE2d 171) (1954); *Lankford v. Trust Co. Bank,* 141 Ga. App. 639, 640 (234 SE2d 179) (1977). The statute of limitation for personal injury actions is two years. Code Ann. § 3-1004.

In its November 20, 1972 award, the Workmen's Compensation Board included in the stipulations and evidence an admission "[t]hat he [Ronald Spetalnick] did not carry Workmen's Compensation at the time claimant alleged injury because he had sold the restaurant and when the parties who purchased the restaurant skipped town, because he was second party behind the lease, he took the restaurant back. He had difficulty getting Workmen's Compensation coverage back because the former owner had not paid his insurance premium. He finally got coverage in May 1972." A copy of the award including the above stipulation was made a part of the record in the instant case as an exhibit attached to Lavender's complaint. Without attempting to decide the exact date of the alleged breach of duty by appellees, we find that appellant knew or should have known that appellees had failed to procure workers' compensation insurance as early as November 20, 1972.

Appellant's petition affirmatively shows on its face that her cause of action was barred by the statute of limitation, and there being no facts alleged to disclose that the statute had been tolled, the trial court was correct in granting appellee's motion to dismiss. *Nix v. Davis,* 106 Ga. App. 206, 210 (126 SE2d 467) (1962).

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 26, 1982.

*N. Forrest Montet,* for appellant.
*Stuart Finestone, Wayne Cardon,* for appellees.