71908. JACKSON et al. v. SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY et al.
(344 SE2d 495)

CARLEY, Judge.

Appellants, Anthony Jackson and his wife, brought this action against his employer, Southern Bell Telephone and Telegraph Company, and Jackson's immediate supervisor, Steven Bornhorst, seeking damages as a result of injuries sustained by Jackson on August 22, 1983, when he was involved in an automobile collision on his way home from work. Jackson alleged in his complaint that the collision occurred as a result of Jackson's fatigue and illness known to appellees and that appellees' negligence proximately caused the collision resulting in the injuries to Jackson. According to the complaint, a strike was taking place which required management-level employees, such as Jackson, to work longer than usual hours and more days per week. On the day of the collision, appellant alleged that he became ill at work, that he notified his superior, Mr. Bornhorst, and that he requested permission to go home. Jackson alleged that Bornhorst refused to allow Jackson to go home and denied Jackson access to rest

and medical care. Accordingly, Jackson was forced to work until the end of his shift and, as he was proceeding homeward, he was overcome with fatigue and illness to the extent that he blacked out and the collision occurred. The trial court dismissed appellants' complaint pursuant to OCGA § 9-11-12 (b) (6) for failure to state a claim upon which relief can be granted, and appellants appeal from that order.

The trial court dismissed the complaint because of the absence of "causal connection, legally attributable to the defendant[s], between the defendants' alleged negligence, if any, and the plaintiff's injury." However, we need not reach the issue of the causal connection between the alleged negligence and resulting harm because this court's decision in *Allied Chem. Corp. v. Peacock*, 151 Ga. App. 278 (259 SE2d 681) (1979) is dispositive in the instant case. "The allegations of the complaint affirmatively reveal that any cause of action for negligence on the part of the defendant is related to the employment of the plaintiff. That is, if the defendant was negligent such negligence arose out of and in the course of the employment. . . . [R]ecovery, if any there be, must be sought under the provisions of the Workers' Compensation Act and not by a suit for negligence." *Allied Chem. Corp. v. Peacock*, supra, 281. The appellants failed to set forth a claim for common law negligence and the trial court correctly dismissed the complaint.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED APRIL 7, 1986.

*Daniel B. Kane, Mark Harper*, for appellants.
*R. Philip Shinall III, Helen H. Aull*, for appellees.