## 72098. SMITH v. GOVERNMENT EMPLOYEES INSURANCE COMPANY.
### (347 SE2d 245)

POPE, Judge.

Appellant Robert J. Smith, Sr. and Douel Castain, Jr. were involved in an automobile collision in August 1977 in Savannah. Thereafter Smith sued Castain and obtained a judgment against Castain in the amount of $60,000 in Chatham Superior Court in October 1978. That judgment remains unsatisfied. Smith brought the present action against Government Employees Insurance Company (GEICO) seeking to recover the proceeds of a liability policy allegedly issued to Castain by GEICO. GEICO moved for summary judgment on the ground that Smith could not maintain an action directly against it. This motion was granted by the trial court. *Held*:

1. The trial court relied on the principle that an injured person not in privity of contract with the insurance company cannot reach the proceeds of the policy for payment of his claim by means of an action directly against the insurer. *Lee v. Petty*, 133 Ga. App. 201 (210 SE2d 383) (1974); *Insured Lloyds v. Bobo*, 116 Ga. App. 89 (156 SE2d 518) (1967); *Perkins v. Publix Theatres Corp.*, 47 Ga. App. 641 (7) (171 SE 147) (1933); *Siegel v. Assoc. Indem. Corp.*, 432 FSupp. 533 (N. D. Ga. 1977). While we agree with the general principle, we do not find that it is applicable in the present case on the record

before us.

The fact that Smith has obtained a judgment against the insured Castain takes this case out of the general rule set out above. Where a judgment has been obtained against the insured which fixes the liability of the insured, an action may be maintained directly against the insurer for the proceeds of the policy. See *Arnold v. Walton*, 205 Ga. 606, 613 (54 SE2d 424) (1949); *Fisher v. American Cas. Co.*, 67 Ga. App. 784 (2) (21 SE2d 306), rev'd on other grounds, 195 Ga. 136 (23 SE2d 395) (1942); *Hodges v. Ocean Accident &c. Corp.*, 66 Ga. App. 431 (1) (18 SE2d 28) (1941). See also *Public Nat. Ins. Co. v. Wheat*, 100 Ga. App. 695 (1) (112 SE2d 194) (1959), wherein the general principle against direct action is set out, but the court affirmed a verdict in an action directly against the insurer where the plaintiff below had previously received a judgment against the insured. Therefore, the trial court erred in holding that such an action in the present case is not permitted.

We note that the record does not contain a copy of the policy in question. In his complaint, Smith contends that the policy has a provision which obligates the insurer to pay all sums which its insured becomes legally obligated to pay. GEICO denies that any insurance was in effect. The record reflects exhibits attached to a deposition which indicate issues of fact regarding whether insurance was in effect. Under these circumstances, the trial court's reliance on *Davis v. Nat. Indem. Co.*, 135 Ga. App. 793 (2) (219 SE2d 32) (1975), was misplaced.

2. However, the trial court correctly ruled that appellant Smith is not entitled to seek bad faith penalties against the insurer. See *Allstate Ins. Co. v. Harris*, 133 Ga. App. 567 (3) (211 SE2d 783) (1974).

*Judgment affirmed in part; reversed in part. McMurray, P. J., and Carley, J., concur.*

### On Motion for Rehearing.

Appellant Smith argues that our holding in Division 2 does not sufficiently answer the question of whether the bad faith penalties set out in OCGA § 33-34-6 (c) may be sought in a situation where a third party brings an action directly against an insurance company to recover proceeds of a liability policy. Smith argues that the Georgia Motor Vehicle Accident Reparations Act (the Act), OCGA Ch. 33-34, created mandatory liability insurance, and that such liability insurance is a benefit under the Act which would bring it within the language of OCGA § 33-34-6 (c): "In addition to all other penalties provided for in this Code section, in the event that an insurer fails or refuses to pay a person the benefits which the person is entitled to under this chapter within 60 days after proper proof of loss has been

filed, [the person may be entitled to punitive damages.]" Thus, the question presented is whether the penalties mentioned in OCGA § 33-34-6 (c) apply to the mandatory liability insurance specified in the Act.

We hold that they do not apply and the principle announced in *Allstate Ins. Co. v. Harris*, supra, still applies even in the face of the Act. Policies written pursuant to the Act must contain two basic coverages, one for liability and one for no-fault. *Standard Guaranty Ins. Co. v. Davis*, 145 Ga. App. 147 (243 SE2d 531) (1978). Compare OCGA § 33-34-4 (a) (1) and OCGA § 33-34-4 (a) (2). This dichotomy was again recognized in *Fox v. Stanish*, 150 Ga. App. 537 (2) (258 SE2d 190) (1979), overruled on other grounds, *Samuel v. Baitcher*, 247 Ga. 71 (274 SE2d 327) (1981). The language of OCGA § 33-34-6 logically applies only to the no-fault portion of the Act. The section is written in terms of benefits to be paid, as in subsection (a): "periodically . . . as expenses are incurred or . . . as disability continues." Clearly, the benefits to which the language refers are no-fault benefits. This conclusion is supported by the Supreme Court's holding that the fact that "in all insurance matters other than automobile no-fault, the burden is upon the insured to show bad faith by the insurance company in order to recover penalties" does not violate equal protection. *Cotton States Mut. Ins. Co. v. McFather*, 251 Ga. 739, 741 (309 SE2d 799) (1983). The holding in *McFather* implicitly stands for the proposition that the benefits to be paid under OCGA § 33-34-6 for which an insurer may be liable for late refusal or failure to pay are only no-fault benefits. Therefore, these statutory penalties may not be invoked against an insurer who has failed to meet a demand by a third party for liability proceeds of a policy issued under the Act.

*Judgment adhered to.*

DECIDED JUNE 2, 1986 —
REHEARINGS DENIED JULY 7, 1986 — 

*Robert M. Ray, Jr.*, for appellant.
*Richard Rominger, Mason White*, for appellee.