### 39966.   MURRAY v. LIFE INSURANCE COMPANY OF GEORGIA.

Decided March 15, 1963—
Rehearing denied March 29, 1963.

546

*Smith, Kilpatrick, Cody, Rogers & McClatchey, Miles J. Alexander, Thomas B. Branch, III,* for plaintiff in error.

*J. Lon Duckworth, Jason B. Gilliland, C. D. Cothran, Jr.,* contra.

FELTON, Chief Judge. Assuming that a cause of action against this defendant exists, is there a right of action in the plaintiff against the defendant? *Code* § 3-108, as amended by Ga. L. 1949, p. 455, provides: "As a general rule, the action on a contract, whether express or implied, or whether by parol or under seal, or of record, shall be brought in the name of the party *in whom the legal interest in such contract is vested,* and against the party who made it in person or by agent. The bene-

ficiary of a contract made between other parties *for his benefit* may maintain an action against the promisor on said contract." (Emphasis supplied.) In whom is the legal interest in the contract vested and for whose benefit was the contract of insurance made? Notwithstanding the allegation of paragraph 3 of the petition as amended that "under the terms of said policy the defendant agreed to pay to the plaintiff . . .", etc., the copy of the contract, attached as an exhibit to the petition, shows on its face that the agreement was to pay the creditor, not the plaintiff. The opening sentence of the policy begins as follows: "Life Insurance Company of Georgia (herein called the Company) in consideration of the *application of* Trust Company of Georgia, Buckhead Branch (herein called the Creditor) and in consideration of the payment *by the Creditor* of the premiums due under this policy, hereby insures certain debtors of the Creditor against the contingency of death, and against the contingency of total and permanent disability and agrees to pay *to the Creditor* . . .", etc. (Emphasis supplied.) This above quoted portion of the contract shows that the coverage was extended upon the *creditor's* application, in consideration of the *creditor's* payment of premiums therefor and was payable to the *creditor*. The purpose of the insurance was to provide the creditor with security for its outstanding loans by paying it the balance of indebtedness owed thereon in the event of the death or disability of the debtors. The legal interest in the contract, then, is vested in the creditor, who applied for and paid the premiums on the policy, and the beneficial interest is likewise in the creditor, to whom the proceeds are payable. This is true in spite of the allegation of the petition that the plaintiff paid the premiums through the Trust Company as its agent. As stated above, the policies constituted a portion of the creditor's security and the plaintiff, by paying the premiums himself, was merely furnishing collateral, in the form of the insurance, as a necessary incident to the obtaining of the loans. Nor does the fact that the plaintiff receives an incidental benefit from the insurance, i.e., the payment of the balance of his indebtedness upon the happening of the specified events, alter the fact that the right of action is not vested in the plaintiff. "An indispensable requisite of a civil

action is the breach of some duty owing by the defendant to the plaintiff. . ." *East Side Lumber &c. Co. v. Barfield,* 193 Ga. 273, 274 (4) (18 SE2d 492); *Rowland v. Kell,* 27 Ga. App. 107, 110 (107 SE 602). Under the terms of the contract the defendant's duty was toward the creditor, with whom the contract was made and to whom it agreed to pay the proceeds, not to the plaintiff as a debtor. The creditor, as the party insured against the loss and having the legal and beneficial interest in the policy, is the party who has the right of action against the defendant if there is a cause of action for failure to pay a just claim. The fact that the consideration for the defendant's promise to pay the creditor moved from the plaintiff, does not bar the creditor's right of action, in view of the provision of *Code* § 20-306 that "If there be a valid consideration for the promise, it matters not from whom it moves; the promisee may sustain his action, though a stranger to the consideration." The plaintiff had an effective defense against the foreclosure proceedings and also against any action by the creditor on any notes in default, assuming that the insurance was in force and covered the alleged loans, in the creditor's failure, due to negligence, to collect on the policy it held as collateral on the debt. The duty of the creditor with respect to collecting this collateral is prescribed by *Code* § 12-605, which declares that "The pawnee is bound for ordinary care and diligence. If the property pledged be promissory notes or other evidences of debt, the pawnee must exercise ordinary diligence in collecting and securing the same." (Repealed by Ga. L. 1962, pp. 156, 427, § 109A-10—103 (Uniform Commercial Code), but this amendment is not effective until January 1, 1964, and under § 109A-10—102, transactions validly entered into before this date are controlled by § 12-605). See *Irwin v. Life &c. Ins. Co.,* 204 Ga. 582 (50 SE2d 354); *Mid-State &c. Corp. v. Wiggins,* 217 Ga. 372 (3) (122 SE2d 106).

The special demurrer alleged that paragraph 1 of the amended petition was contradictory to the terms of the written contract in that the contract shows on its face that it covers only one of the alleged outstanding loans. In view of our holding above that the right of action, if any existed, against the defendant was not

in the plaintiff, it is unnecessary to rule on the sustaining of the special demurrer. It follows from the above that the court did not err in its judgment sustaining the general demurrer and dismissing the action.

Judgment affirmed. *Eberhardt and Russell, JJ., concur.*