41818, 41819. WESTBROOK v. NATIONWIDE INSURANCE COMPANY; and vice versa.

SUBMITTED FEBRUARY 8, 1966—DECIDED FEBRUARY 16, 1966—REHEARING DENIED MARCH 9, 1966—

*Marshall L. Fountain,* for appellant.

*Fulcher, Fulcher, Hagler, Harper & Reed, J. Walker Harper, Abbot & Abbot,* for appellee.

DEEN, Judge. This decision turns on the procedural question of whether the trial court, at the time the plaintiff filed the amendment in an attempt to cure the defects in the petition pointed out by this court, had any jurisdiction over the case which it might exercise by allowing a pleading to be filed therein. It obviously had such jurisdiction between September 30 and October 4, after the remittitur was received in the trial court and before the final order dismissing the case. The trial court also has jurisdiction to allow amendments to pleadings while the case is pending in an appellate court on issues preliminary to trial but where there has as yet been no trial, since in such event the court may, if it wishes, proceed with the trial taking a chance on the action becoming nugatory if there is an adverse ruling as to the matter from which the appeal was taken. *Welsch v. Wilson,* 218 Ga. 843 (131 SE2d 194) ; *Ware v. Martin,* 208 Ga. 330 (66 SE2d 737) ; *Cauble v. Weimer,* 101 Ga. App. 313 (113 SE2d 641) ; *Wood v. Delta Ins. Co.,* 101 Ga. App. 720 (114 SE2d 883) ; *Peoples Loan &c. Corp. v. Cy Owens,* 101 Ga. App. 655 (115 SE2d 117) (special concurrence, p. 660). But the rule has been stated to be otherwise where the demurrer ruling is not appealed until after an adverse verdict and judgment. "In the present case, after the defendant's demurrer to the petition was overruled, the cause proceeded to trial, a judgment was rendered for the plaintiff, and the defendant's motion for new trial as amended was denied. The bill of exceptions in this court assigned error on both the overruling of the demurrer and the denial of the motion for new trial as amended. Where the case has been tried, and is no longer pending in the trial court, the trial court's jurisdiction over the cause is lost upon the signing of a bill of exceptions." *Kiser v. Kiser,* 214 Ga. 849, 852 (108 SE2d 265).

From a logical viewpoint this distinction can be justified neither in terms of legal philosophy nor of trial procedure. The

plaintiff (who originally had a judgment holding that his petition without amendment stated a cause of action) has no voice in saying whether or when the defendant will appeal that ruling. If the defendant chooses to appeal before trial and proves to be right, the plaintiff may amend. If he chooses to wait for a final judgment and then appeal, the plaintiff has no right to amend except during that uncertain period of time when the remittitur from the appellate court has made its way to the trial court and before judicial notice is taken of it by the purely mechanical act of conforming the trial court's judgment to its mandate. That may be a period as long as several weeks, or it may be as short as five minutes. Whatever it is, the plaintiff's attorney has no sure way of knowing when that period of time will begin nor when it will end. He has been effectively ambushed and he has no recourse. Even though it is technically true that under the decisions of the Supreme Court, the trial court had no jurisdiction because nothing was pending at the time the amendment was in fact filed, it would seem more consistent to hold, as this court did in *Hodges v. South Georgia Natural Gas Co.*, 111 Ga. App. 180 (2) (141 SE2d 182), that a pleading filed before the court has jurisdiction to entertain it, which is still of record at the time the court later receives the requisite jurisdictional power, may at that time be treated as properly before the court even though "the undue diligence of counsel caused the operator to arrive before the vehicle." In view of *Kiser v. Kiser*, 214 Ga. 849, supra, however, it must be held that the amendment was filed at a time when the court had no jurisdiction to entertain it.

It is contended, however, that the court's action in overruling the motion to strike the amendment constitutes the law of the case that the amendment was properly filed, there being no exception thereto. If the filing of the amendment was a void act, as stated in *Kiser*, then the court had no jurisdiction of the subject matter and there could be no waiver. But the amendment, even if considered in the final ruling on the general demurrer, added nothing to the petition which this court had held not to state a cause of action on an insurance contract for the reason that the petition failed to allege either the issuance of an insurance policy or a valid written binder for such policy. The amendment al-

leges that there was a binder, but that the binder was by mutual mistake made out to another person who had owned the vehicle involved and from whom the plaintiff had repossessed it. An action on a policy of insurance—or on a written binder—must be brought in the name of the holder of the legal title thereto. *Traders Ins. Co. v. Mann,* 118 Ga. 381 (1) (45 SE 426) ; *Murray v. Life Ins. Co. of Ga.,* 107 Ga. App. 545 (130 SE2d 767). No attempt has been made to seek an equitable reformation of the contract on the ground of mutual mistake under *Code* § 37-207. The amendment to the petition failed to show any right of recovery in this plaintiff so as to cure the deficiency in the original petition, and while the proper action of the trial court would have been to dismiss the case after striking the amendment on motion, the dismissal of the case on demurrer to the petition as amended reached the same result.

*Judgment affirmed in Case No. 41818. Case No. 41819 dismissed for lack of prosecution. Nichols, P. J., and Hall, J., concur.*