42814.   INSURED LLOYDS v. BOBO.

Argued May 4, 1967—Decided June 9, 1967—
Rehearing denied June 28, 1967.

Richardson, Doremus & Karsman, W. Ward Newton, for appellant.

Stanley E. Harris, Jr., for appellee.

QUILLIAN, Judge. The question we must resolve is whether the plaintiff has standing to sue the insurer where a third party is the insured under the terms of the policy.

Code § 3-108, as amended Ga. L. 1949, p. 455, provides: "the action on a contract, whether express or implied, or whether by parol or under seal, or of record, shall be brought in the name of the party in whom the legal interest in such contract is vested, and against the party who made it in person or by agent. The beneficiary of a contract made between other parties for his benefit may maintain an action against the promisor on said contract." The plaintiff, appellee here, contends that under the contract he is the beneficiary, within the purview of Code Ann. § 3-108, so as to maintain an action against the insured.

We can not agree with this contention. The general rule is that: "An action on a policy of insurance—or on a written binder—must be brought in the name of the holder of the legal title thereto." Westbrook v. Nationwide Ins. Co., 113 Ga. App. 299, 302 (147 SE2d 819). "Generally, 'one other than the person to whom it was issued can not, in his own name, maintain an action thereon, unless the policy has been duly assigned to him in writing.'" Walker v. General Ins. Co., 214 Ga. 758, 761 (107 SE2d 836). "In the absence of policy provisions to the contrary,

one who suffers injury is not in privity of contract with the insurer under a liability insurance policy and cannot reach the proceeds of the policy for the payment of his claim by an action directly against the insurer." *Public Nat. Ins. Co. v. Wheat*, 100 Ga. App. 695, 697 (112 SE2d 194); *Perkins v. Publix Theatres Corp.*, 47 Ga. App. 641, 642 (7) (171 SE 147).

Here there is nothing, either expressed or implied, to indicate that the plaintiff was intended to have a beneficial interest in the insurance contract. The fact that Wagon Masters, the party with whom the plaintiff was dealing, had insurance might inure to the benefit of the plaintiff, but no more so than the fact that it might be more beneficial to one who is injured by another that such tortfeasor was carrying liability insurance than if the tortfeasor had no insurance. In *Murray v. Life Ins. Co. of Ga.*, 107 Ga. App. 545, 547 (130 SE2d 767), decided prior to the Insurance Code of 1960, where a debtor sought to recover under a credit life policy issued by an insurance company to the creditor, this court pointed out that, in the absence of any statutory provision, "The fact that the plaintiff receives an incidental benefit from the insurance, i.e., the payment of the balance of his indebtedness upon the happening of the specified events, [does not] alter the fact that the right of action is not vested in the plaintiff."

The only evident purpose of the contract was to protect the insured from loss, either by loss of vehicles it owned or those for which it was responsible. It should be noted that the policy contained the provision that: "Any loss is payable as interest may appear to the named insured and Associates Discount Corp." The fact that the policy did not specifically exclude the benefits of its coverage to all the world save the insured does not show an intent that anyone could maintain an action under the policy.

As we construe it, the plaintiff was not intended to be a beneficiary under the terms of the policy and does not amount to one within the meaning of the Code section. Hence, the plaintiff is not entitled to maintain an action in his own right against the insurer.

The trial judge erred in overruling the defendant's general demurrer.

*Judgment reversed. Jordan, P. J., and Deen, J., concur.*