## 44031. FIRST OF GEORGIA INSURANCE COMPANY v. AUGUSTA SKI CLUB.

Submitted November 8, 1968—Decided November 27, 1968.

Jay M. Sawilowsky, for appellant.

Isaac S. Jolles, for appellee.

Hall, Judge. The plaintiff was not an insured under the contract, but contends that it is entitled to bring this action because the contract insured the loss of property which it owned: "This policy covers unscheduled personal property usual or incidental to the occupancy of the premises as a dwelling, owned, worn, or used by an insured, while on the premises, or at the option of the named insured, owned by others while on the

portion of the premises occupied exclusively by the insured." The plaintiff relies upon *Code* § 3-108, as amended by Ga. L. 1949, p. 455. "As a general rule, the action on a contract . . . shall be brought in the name of the party in whom the legal interest in such contract is vested, and against the party who made it in person or by agent. The beneficiary of a contract made between other parties for his benefit may maintain an action against the promisor on said contract."

The case relied upon by the plaintiff, *Assurance Co. of America v. Bell*, 108 Ga. App. 766 (134 SE2d 540), differs from and is not controlling in the present case. There the plaintiff, who brought the action on the personal liability coverage of a home-owner's policy, was the named insured, and the policy contained an agreement that the insured could settle a claim for loss against him. The holding was that the insured was a proper plaintiff in that action to recover sums he had expended to repair damage to a guest's automobile caused by the insured's three-year-old-son. The effect of the amendment of *Code* § 3-108, supra, authorizing the beneficiary of a contract to maintain an action against the promisor was not considered in that case. *Assurance Co. of America v. Bell*, supra, p. 771.

In *Murray v. Life Ins. Co. of Ga.*, 107 Ga. App. 545 (130 SE2d 767), this court considered a credit insurance policy reciting that it "insures certain debtors of the creditor against the contingency of death, and . . . permanent disability and agrees to pay the creditor" the balance of indebtedness in the event of such contingencies. The debtor paid for the premiums through the creditor. This court held that the legal and beneficial interest in the contract was in the creditor and the debtor had no cause of action thereunder for the insurer's failure to pay the debtor or the creditor on a disability claim by the debtor. Citing the *Murray* case, the court held in *Insureds Lloyds v. Bobo*, 116 Ga. App. 89 (156 SE2d 518), that the owner of an automobile consigned for sale to an insured automobile dealer was not a beneficiary within the purview of *Code Ann.* § 3-108, supra, so as to entitle him to maintain an action against the insurer which issued the policy naming the dealer as the insured and covering theft loss of "automobiles consigned to or

owned by the insured and held for sale or used in the insured's business."

By its facts the present case falls under the holding in the *Murray* and *Bobo* cases, supra.

The trial court erred in overruling the defendant's demurrer on the ground that this plaintiff had no right to sue the insurer under the policy.

*Judgment reversed. Bell, P. J., and Quillian, J., concur.*