49576. DAVIS et al. v. LONDEAU et al.

PANNELL, Presiding Judge.

This action for bodily injury and property damage

arose on July 29, 1967, when a car operated by one Cynthia Davis, age 13, and owned by her aunt, Patricia Echols, who was a passenger, collided at an intersection with a car owned by one S. E. Londeau and operated by his wife, Margaret Londeau.

Following the rendition of a special verdict by a jury finding that Cynthia Davis was not a competent person to drive an automobile, the court, as a matter of law, directed a verdict against both plaintiffs and appeal followed. *Held:*

1. It is enumerated that the court erred in its charge to the jury on the question of competency of Cynthia Davis. Appellants maintain that the term "duly qualified," as used in the charge to the jury, connotes "licensed or authorized to drive." No objection to this portion of the charge was made at the trial, although successful objection was made to utilization of the phrases "legal qualifications" and "legally fit" and which dictated a recharge to the jury. Therein the jury was advised to disregard the objectionable words and further admonished that the test was not the illegal act of driving without a license. The jury then was again charged as to the definition of competency and again no objection was voiced.

Section 17 of the Appellate Practice Act of 1965 (Ga. L. 1965, pp. 18, 31, as amended by Ga. L. 1966, pp. 493, 498; Code Ann. § 70-207) while proscribing a party from complaining of the giving of a charge to the jury unless he has objected before the jury returns a verdict, also provides that irrespective of such failure to object the appellate courts will consider and review an erroneous charge where there has been a substantial error in the charge which was harmful as a matter of law. We find no such error present in this case. The enumerated error is without merit.

2. It is enumerated that the court erred in directing a verdict after the rendition of a verdict on the special issue against the appellants. At the conclusion of the evidence adduced by both parties, except that relating to damages, the court directed the jury to return a special finding, i. e., whether or not Cynthia Davis, a 13-year-old girl, was a competent driver. The jury returned a finding

in the negative. Appellees then moved for directed verdicts which were granted. In its order and judgment the court found that there were "issues of fact concerning the negligence of both drivers," but that since the jury had found plaintiff Davis was an incompetent driver neither plaintiff could recover as a matter of law. We think that this was error. Questions of negligence are ordinarily for the jury and the courts should not undertake to decide them except in palpably clear and undisputed cases. *Economy Gas &c. Co. v. Kinslow,* 74 Ga. App. 418, 421 (39 SE2d 899). Further, the mere employment of one to drive knowing that he does not have a driver's license, where it does not appear such fact had any causal connection with the injury or damage is not such negligence as to authorize recovery against the driver or his master and the mere employment of one to drive, with knowledge that he is unlicensed does not constitute actionable negligence. *Windsor v. Chanticleer & Co.,* 89 Ga. App. 116 (78 SE2d 871). See also *Butts v. Davis,* 126 Ga. App. 311 (190 SE2d 595) and cited cases. The issues of negligence and proximate cause herein require factual determination and should have been submitted to the jury.

*Judgment reversed. Evans and Webb, JJ., concur.*

SUBMITTED SEPTEMBER 3, 1974 — DECIDED SEPTEMBER 20, 1974.

*Rich, Bass, Kidd & Broome, Casper Rich,* for appellants.

*Swift, Currie, McGhee & Hiers, Clayton H. Farnham, Redfern & Butler, Lee Redfern, Tyler & Burns, John C. Tyler,* for appellees.