### 50158. SHERRILL et al. v. LOUISVILLE TITLE INSURANCE COMPANY et al.

CLARK, Judge.

Does a borrower have the right to sue a title insurer upon a mortgage title policy issued to a lender on the borrower's real estate loan? That question is answered in the negative.

In November 1963, C. B. and Sylvia Sherrill, husband and wife, applied to Rossville Federal Savings & Loan Association for a real estate loan. Before such loans can be obtained, Rossville Federal requires mortgagee title insurance on its real estate secured loans with the borrower paying the amount of the premium for

remittance to the title company. As is generally done, an interim binder was issued to Rossville Federal by Louisville Title Insurance Company for $17,000, the principal amount of the proposed loan. The binder addressed "To Rossville Federal Savings & Loan Association" stated the conditions which must be satisfied in order for coverage to be obtained by the lender on "the instrument creating an estate or interest to be insured." Among these requirements was a direction that an unrecorded outstanding security deed from the Sherrills to Robert H. Leonard for $28,000 was to be obtained, with cancellation thereof. Additionally, the promissory note marked "paid" was to be surrendered to the agency representing Louisville Title. The record before us indicates the cancellation was executed and delivered but that the requirement concerning delivery of a "paid" promissory note was waived.

Upon the closing of the loan to the Sherrills and the recording of the security deed the standard mortgagee loan policy was issued by Louisville Title designating the insured to be the lender, Rossville Federal Savings & Loan Association.

The present problem resulted from a third party complaint which the Sherrills brought against the title company when they were sued on the $28,000 undelivered promissory note. In naming the Louisville Title as third party defendant, the Sherrills claimed a breach of contract of the binder and the title policy arising out of the failure of the Title Insurance Company's agent to obtain the $28,000 note marked "Paid."

Supplemented by the affidavits from its agents Louisville Title sought a summary judgment. The major contention made in these affidavits was that the Sherrills had no ground to support the third party complaint because the Sherrills were not the named insured and no duty thereunder was owed to them by either the binder or policy contract. Upon the trial court granting this summary judgment the Sherrills have taken this appeal.

Appellants seek a reversal upon two grounds. They assert (1) a genuine issue of fact exists as to whether or not the title insurance company breached the conditions of its interim title insurance binder; and (2) that the binder and

policy were intended for their benefit and thereby they are entitled to sue as third parties beneficiaries under the provisions of Code Ann. § 3-108. *Held:*

This case comes within the principle stated as the headnote of *Insured Lloyds v. Bobo,* 116 Ga. App. 89 (156 SE2d 518), which reads: "In this suit brought against the insurer by one other than the person to whom the policy was issued, the plaintiff was not a beneficiary under the terms of the insurance policy so as to maintain an action on the policy in his own right." There, as here, the contention was made that the plaintiff was a third party beneficiary. In rejecting this contention our court said at p. 90: "The general rule is that: 'An action on a policy of insurance — or on a written binder — must be brought in the name of the holder of the legal title thereto.' *Westbrook v. Nationwide Ins. Co.,* 113 Ga. App. 299, 302 (147 SE2d 819). 'Generally, "one other than the person to whom it was issued can not, in his own name, maintain an action thereon, unless the policy has been duly assigned to him in writing." ' *Walker v. General Ins. Co.,* 214 Ga. 758, 761 (107 SE2d 836). 'In the absence of policy provisions to the contrary, one who suffers injury is not in privity of contract with the insurer under a liability insurance policy and cannot reach the proceeds of the policy for the payment of his claim by an action directly against the insurer.' *Public Nat. Ins. Co. v. Wheat,* 100 Ga. App. 695, 697 (112 SE2d 194); *Perkins v. Publix Theatres Corp.,* 47 Ga. App. 641, 642 (7) (171 SE 147)."

That opinion cited *Murray v. Life Ins. Co. of Ga.,* 107 Ga. App. 545, 547 (130 SE2d 767) which is somewhat akin to the instant case. There a debtor sought to recover under a group creditors insurance policy, contending the creditor bank had as his agent procured the policy for his benefit and that he had paid the premium through the bank. Inserting for clarification the names of the present parties we quote from page 548 of that case, as follows: "Under the terms of the contract the defendant's [Louisville Title] duty was toward the creditor [Rossville Federal], with whom the contract was made and to whom it agreed to pay the proceeds, not to the plaintiff [Sherrills] as a debtor. The creditor [Rossville Federal], as the party insured against the loss and having the legal

and beneficial interest in the policy, is the party who has the right of action against the defendant if there is a cause of action for failure to pay a just claim."

Other cases in accord with this ruling are *First of Georgia Ins. Co. v. Augusta Ski Club,* 118 Ga. App. 731 (165 SE2d 476) and *U. S. Homes Assistance Corp. v. Sou. Guaranty Ins. Co.,* 131 Ga. App. 676 (206 SE2d 555). This also conforms with the statement in Pindar, Ga. Real Estate Law, p. 1106, § 26-161 that "A mortgage policy does not protect the borrower, although there is a special joint protection policy which can be obtained."

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*

ARGUED FEBRUARY 4, 1975 — DECIDED MARCH 19, 1975.

*Frank M. Gleason, James A. Secord,* for appellants.
*Fletcher & Watson, Norman S. Fletcher,* for appellees.