## 52522. LAWYERS TITLE INSURANCE CORPORATION v. NOLAND COMPANY.

STOLZ, Judge.

The appellee, Noland Co., sued the appellant, Lawyers Title, for damages flowing from the breach of a contract between the parties and damages resulting from negligence in giving an erroneous special title report. Summary judgment was granted in favor of the appellee, from which decision the appellant appeals.

In 1970 and 1971 the appellee furnished materials to Boomer Electric, Inc., which was performing work on a development located at Farrington Road at the Panola Road Exit in DeKalb County. The appellee desired to file a lien upon the realty in order to protect its rights. Therefore, in March 1971 the appellee's attorney, Mr. Ferguson, requested that the appellant furnish him with a legal description and the names of owners of the property in order to file a lien. A legal description was soon forwarded to Mr. Ferguson with the owner listed as Panola Associates. Mr. Ferguson was billed for the service and paid the bill.

Based upon the information received by Mr. Ferguson from the appellant, the appellee filed a lien against the property. Subsequently the appellee filed suit against Panola Associates to foreclose the lien. A month later Panola Associates informed the appellee of its defense against the suit on the lien that the property described in the lien was not the property upon which the work had been done by Boomer Electric, Inc. The appellant had given an erroneous description. It was too late to correct the mistake by filing a new lien or

amending the old lien.

The appellee settled its claim against Panola Associates for approximately one-half of the value of the materials furnished and then sued the appellant for the balance. Summary judgment was granted for the appellee.

1. The appellant contends that summary judgment should not have been granted for the appellee because there was a genuine issue of material fact. Code Ann. § 81A-156 (e) (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238; 1975, pp. 757, 759) provides: "When a motion for summary judgment is made and supported as provided in this section, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Thus, when one party supports its motion for summary judgment with affidavits, admissions of fact, or other evidentiary matter showing a prima facie right to summary judgment, it becomes the opponent's duty to present rebuttal evidence through such media as depositions, affidavits, or interrogatories to show to the court that there is a genuine issue of material fact. *Summer-Minter & Associates v. Giordano,* 231 Ga. 601, 604 (203 SE2d 173); *Stephens County v. Gaines,* 128 Ga. App. 661 (197 SE2d 424).

In the instant case, the appellee established the facts detailed above through the use of affidavits, interrogatories, and admissions of fact. Although the appellant contends that those facts are inaccurate, it opposed the appellee's motion for summary judgment solely through a set of interrogatories which did not contradict any of the facts established by the appellee. Thus, there is no genuine issue of material fact.

2. The appellant also claims that it can not be held liable as a matter of law. In this case, a contract was made between the appellant and Mr. Ferguson. The appellant was to provide a legal description of a certain tract of land. The appellant was told that the description would be used for the filing of a materialman's lien. It was certainly to be

understood that an improper description could be very costly to Mr. Ferguson or his client. The contract was breached due to the appellant's admitted failure to provide a description of the property requested, and the appellee was damaged due to the breach. The appellee attempted to mitigate damages. Based on these facts, recovery may be had for breach of the contract, and the damages caused are not too remote or speculative. Code § 20-1407; *Western Union Tel. Co. v. Fatman,* 73 Ga. 285 (4) (54 AR 877); *Crawford & Associates, Inc. v. Groves-Keen, Inc.,* 127 Ga. App. 646, 650 (194 SE2d 499); *Orkin Exterminating Co. v. Buchanan,* 108 Ga. App. 449, 453 (133 SE2d 635).

3. Recovery may also be had from the appellant on negligence grounds. The appellant initially contends that there was no proof of a duty of which the appellant had knowledge owed to the appellee by the appellant. See *Porch v. Wright,* 116 Ga. App. 138 (156 SE2d 532). However, the appellant knew that the title report was requested in order to file a lien and certainly was cognizant of its duty to exercise in that undertaking the degree of care and diligence that is usually and reasonably employed by others in the title reporting business. *Western Union Tel. Co. v. Fatman,* supra, (2); *Slaughter v. Atlanta Coca-Cola Bottling Co.,* 48 Ga. App. 327 (2) (172 SE 723).

The appellant also claims that it can not be found negligently to have breached the contract as a matter of law. Questions of negligence are generally for the jury and the courts should not undertake to decide them except in palpably clear and undisputed cases. *Davis v. Londeau,* 132 Ga. App. 626, 628 (208 SE2d 632). In some cases the evidence *demands* a finding that there was, or was not, negligence, and then it is not error for the court to decide the issue. *Henderson v. Mingledorff,* 27 Ga. App. 165 (107 SE 884). In this case it should be noted that the appellant is a large title investigation and insurance company. It holds itself out as an expert in title examination. The appellant was simply asked to give the legal description of a certain apartment development which was located at a particular highway interchange, a service it routinely performed for a fee. However, the appellant admits that it

gave the wrong description, and nothing in the record indicates any unusual problem or difficulty in ascertaining the correct description or a mistake as to the location of the property. Although an attorney or title company is not necessarily always negligent when it provides an inaccurate legal description for a piece of property, in the instant case there is no evidence to show anything but negligence. It is the responsibility of the party opposing a motion for summary judgment to present such rebuttal evidence if it is to withstand the motion. *Summer-Minter & Associates v. Giordano,* supra.

4. The appellant contends that the appellee can not recover since it is not in privity of contract with the appellee. In support of that contention the appellant cites *Gaines v. American Title Ins. Co.,* 136 Ga. App. 162 (220 SE2d 469). In *Gaines* and *Sherrill v. Louisville Title Ins. Co.,* 134 Ga. App. 322 (214 SE2d 410), which is cited therein, the owner of certain realty paid the defendant title insurance company to provide a policy in favor of the bank which held the mortgage. Both cases held that the owner did not have a cause of action against the title insurance company for his own loss due to title defect.

Those cases are distinguishable from the instant case, however. In *Gaines* and *Sherrill,* the owners could have extended the policy coverage to themselves simply by paying an additional premium. Furthermore, in those cases, the banks did not purport to be agents for the owners, but were protecting their own interests.

In the instant case, Mr. Ferguson, an attorney, was acting as an agent for the appellee in contracting for the title information with the appellant. See *Jackson v. Fincher,* 128 Ga. App. 148 (5) (195 SE2d 762). An attorney is by definition an agent when acting in his professional capacity. Black's Law Dict., 4th Ed. Where an agent enters into a contract on behalf of his principal, the principal may maintain an action for breach of the contract in its own name, even though its existence was not disclosed to the other party. *Dodd Grocery Co. v. Postal Tel.-Cable Co.,* 112 Ga. 685 (3) (37 SE 981).

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

Argued September 20, 1976 — Decided October 22, 1976.

*Smith, Cohen, Ringel, Kohler & Martin, Marion T. Smith, Kenneth Z. Millwood,* for appellant.

*Webb, Parker, Young & Ferguson, John Tye Ferguson,* for appellee.