### 56933. McFARLAND v. BEARDSLY et al.

BIRDSONG, Judge.

McFarland, the appellant, filed suit against the appellees, employees of the Georgia Bureau of Investigation (GBI), alleging that the appellees had wrongfully withheld and converted certain monies seized from the appellant. In addition, McFarland sought the return of certain other property allegedly seized by the GBI. From the grant of partial summary judgment as to the funds sought by appellant, in favor of the appellees, McFarland appeals. *Held:*

1. The appellant alleged in his complaint that the appellees had wrongfully withheld or converted the sum of $388,414.75. In support of their motion for summary judgment, the appellees filed with the trial court an affidavit which stated: "My name is E. P. Peters, and I am an Inspector for the Georgia Bureau of Investigation. This affidavit is based either on my personal knowledge or knowledge obtained from examination of GBI records kept in the regular and ordinary course of business." The affidavit further stated that an amount of cash was seized from the appellant and "[a]n inventory of the cash seized revealed that $363,811.88 had been seized from McFarland . . ." The affidavit concluded with the statement that, of the money seized from McFarland, $354,789.88 was turned over to the Internal Revenue Service, and $9,022 was turned over to the Georgia Department of Revenue. Receipts for these amounts were attached to the affidavit.

The evidence set forth in appellee's affidavit was admissible in accordance with Code Ann. § 81A-156 (e)

and Code Ann. § 38-711, which, by its own terms, is to be "liberally interpreted and applied." See *Ambrose v. E. F. Hutton & Co.,* 146 Ga. App. 403 (246 SE2d 423); *Vaughn & Co. v. Saul,* 143 Ga. App. 74 (3) (237 SE2d 622); *Smith v. Bank of the South,* 141 Ga. App. 114 (232 SE2d 629); *Cotton v. John W. Eshelman & Sons,* 137 Ga. App. 360 (223 SE2d 757). The affidavit was thus properly considered by the trial court, and, absent rebuttal evidence by the appellant, showed conclusively that all sums seized from appellant were turned over to federal and state authorities. The appellant was thereafter unable to "rest upon the mere allegations. . .of his pleading," and the entry of partial summary judgment, as to the confiscated money, in favor of the appellees was appropriate. Code Ann. § 81A-156 (e). See *Ambrose v. E. F. Hutton & Co.,* supra; *Burgess v. Clermont Prop.,* 141 Ga. App. 112 (232 SE2d 627); *Lawyers Title Ins. Corp. v. Noland Co.,* 140 Ga. App. 114 (230 SE2d 102).

2. Appellant urges that the GBI is estopped from denying possession of the confiscated cash. However, "[t]he doctrine of estoppel is predicated upon a change of position to the hurt of one of the parties acting on the representations or conduct of the other." *Morgan v. Maddox,* 216 Ga. 816 (1d) (120 SE2d 183). Code Ann. § 38-116, by its very terms, requires that, in order for an equitable estoppel to arise, the party seeking such an estoppel must have been "misled to his injury." The appellant failed to plead or present any evidence of reliance upon, or injury resulting from, the appellees' conduct, and therefore failed to raise the issue of estoppel. The trial court did not err in granting partial summary judgment in favor of the appellees. *P. C. Gailey Contractors v. Exxon Co.,* 143 Ga. App. 827 (2) (240 SE2d 208).

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

Argued October 31, 1978 — Decided January 9, 1979.

*J. Converse Bright, Herbert Shafer,* for appellant.
*Arthur K. Bolton, Attorney General, Harrison*

*Kohler, Assistant Attorney General, Don A. Langham, First Assistant Attorney General, John C. Walden, Senior Assistant Attorney General,* for appellees.