## A93A2356. RICHARD et al. v. DAVID.
### (442 SE2d 459)

COOPER, Judge.

This appeal arises out of a legal malpractice action brought by plaintiffs/appellants against defendant/appellee. Plaintiffs appeal from an order granting summary judgment to defendant.

In April 1991, plaintiffs entered into a contract with Mr. and Mrs. DeLuca to purchase a 100-year-old house and arranged to finance the house through a loan from a local bank. The bank gave plaintiffs the names of two attorneys, including defendant, who were on the bank's approved list for closing real estate loans. Plaintiffs contacted both attorneys and subsequently informed the bank that they wanted defendant to be the closing attorney. The bank notified defendant that plaintiffs had selected her as the closing attorney, and the closing took place on May 31, 1991. At the end of the closing, the realtor asked for the required termite letter. Mrs. DeLuca gave the letter to defendant, who reviewed it and handed it to plaintiffs. The termite letter clearly indicated previous infestation of the subject property and also noted that the conditions at the time of the inspection warranted further inspection by a qualified building inspector. There was also a diagram attached to the termite letter showing the location of the previous infestation. There was no discussion about the termite letter, and after reviewing the letter, plaintiffs signed it, acknowledging their receipt of the letter. In November 1991, plaintiffs discovered that the house had extensive structural damage as a result of an old termite infestation. Plaintiffs filed a legal malpractice action against defendant, alleging that defendant was negligent in failing to advise them about the significance of the findings in the termite letter.

1. Plaintiffs contend the trial court erred in finding that an attorney-client relationship did not exist between plaintiffs and defendant. "It is generally held that an attorney-client relationship must be demonstrated before a plaintiff may recover in a legal malpractice suit. This is essential in establishing the element of duty that is nec-

essary to every lawsuit based upon a theory of negligence." (Citation and punctuation omitted.) *Guillebeau v. Jenkins*, 182 Ga. App. 225, 229 (1) (355 SE2d 453) (1987). "The basic question in regard to the formation of the attorney-client relationship is whether it has been sufficiently established that advice or assistance of the attorney is both sought and received in matters pertinent to his profession." (Citation and punctuation omitted.) *Legacy Homes v. Cole*, 205 Ga. App. 34, 35 (421 SE2d 127) (1992). The record reveals that plaintiffs never sought any legal advice from defendant and defendant never offered any legal advice to plaintiffs. Nor did plaintiffs ever communicate to defendant that they would rely on her for legal advice at the closing. We conclude that plaintiffs could not have had a reasonable belief that an attorney-client relationship existed with defendant. Plaintiffs argue that an attorney-client relationship existed because they selected defendant as the closing attorney and paid defendant's fee as part of the closing cost. However, these facts do not establish the existence of an attorney-client relationship. *Guillebeau*, supra at 230; *Legacy Homes*, supra at 35. Accordingly, the trial court did not err in finding that no such relationship existed and granting summary judgment to defendant.

2. Because of our conclusion in Division 1 that no attorney-client relationship existed, it is unnecessary to address plaintiffs' remaining argument that the trial court erred in concluding that defendant was not negligent.

*Judgment affirmed. Beasley, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 16, 1994 —
RECONSIDERATION DENIED MARCH 30, 1994 —

*J. Hue Henry, Regina M. Quick*, for appellants.

*Webb, Carlock, Copeland, Semler & Stair, Thomas S. Carlock, James L. Gray, Lefco, Blumenthal & Zuckerman, Stanley M. Lefco*, for appellee.