A01A1069. VIRGINIA HIGHLAND CIVIC ASSOCIATION, INC. v. PACES PROPERTIES, INC. et al.
(550 SE2d 128)

PHIPPS, Judge.

Virginia Highland Civic Association, Inc. (VHCA) sued Paces Properties, Inc. (Paces) and Ponce Partners, LLC (Ponce), for declaratory judgment and injunctive relief. Through a bid submitted by Paces, Ponce purchased acreage from the Georgia Department of Transportation (DOT) previously intended for use as a right-of-way for a project known as the "Presidential Parkway." VHCA claims that under an agreement in settlement of litigation which arose from the project, Ponce must obtain its approval for development of the property. VHCA bases this argument on the fact that the agreement became the subject of a Georgia Senate resolution and City of Atlanta ordinance. The superior court disagreed with VHCA's argument and denied the relief sought. We affirm.

The Presidential Parkway project was a matter of great controversy in the City of Atlanta. In condemnation litigation arising from the project, the controversy was settled by agreement of the City of Atlanta, DOT, and CAUTION, Inc. (acting on behalf of itself and its constituent neighborhood organizations, which included VHCA). The

---

[6] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

settlement agreement, entered in 1992, set forth a plan for disposi-
tion of DOT-owned rights-of-way not needed for the construction pro-
ject. It was agreed that various of the rights-of-way, including one
consisting of approximately 4.4 acres on the north side of Ponce de
Leon Avenue in the vicinity of Barnett Street (the Ponce/Barnett
right-of-way), would be "disposed of by sale" and "used in a manner
agreed to by the City and the [VHCA]."

Later in 1992, the City of Atlanta enacted an ordinance approv-
ing the settlement agreement and authorizing the mayor to execute
it and the city attorney to implement it. The settlement agreement
was attached as an exhibit to the ordinance. The ordinance was not
codified.

In 1997, the Georgia Senate passed a resolution authorizing
DOT to dispose of certain of the unused rights-of-way, including the
Ponce/Barnett right-of-way, in accordance with a land use plan to be
developed and agreed upon by the City, DOT, and CAUTION.[1] Provi-
sions of the settlement agreement, including those related to the
Ponce/Barnett right-of-way, were recited in whereas clauses of the
resolution.[2]

In 1998, the City, DOT, and CAUTION entered a consent agree-
ment adopting a land use plan governing the DOT's disposition of its
excess rights-of-way. The consent agreement's right-of-way disposi-
tion plan imposed no restrictions on the use of rights-of-way to be
sold to third parties.

DOT later offered a portion of the Ponce/Barnett right-of-way for
sale. Paces obtained a bid proposal package which provided informa-
tion concerning the zoning of the property and certain minor restric-
tions on use. Paces submitted a $1,201,000 bid, which the DOT
accepted. Paces verified the zoning status of the property and con-
ducted a title search which did not reveal any encumbrances on the
property other than those previously disclosed by DOT. After Paces'
bid was accepted, Ponce purchased the property and recorded a quit-
claim deed from DOT.

VHCA later brought this action, complaining that Ponce intends
to construct a condominium building on the property; that the devel-
opment plans have not been approved by VHCA; and that such plans
will result in destruction of approximately 39 "mature, large, magnif-
icent" hardwood trees on the property.

The superior court denied all relief sought by VHCA in its com-
plaint. Among other things, the court determined that Ponce is not
bound by the use restrictions contained in the settlement agreement

---

[1] Ga. L. 1997, pp. 1010, 1015-1016.
[2] Id. at pp. 1011-1013.

because it is a bona fide purchaser for value without notice of the agreement.

To qualify as a bona fide purchaser for value without notice, a party must have neither actual nor constructive notice of the matter at issue.[3] A purchaser of land is charged with constructive notice of the contents of a recorded instrument within its chain of title.[4] Conversely, a purchaser is not charged with constructive notice of interests or encumbrances which have been recorded outside the chain of title.[5] "[A] purchaser who takes a quitclaim deed without notice and for value is entitled to the protection which the law affords a bona fide purchaser for value and without notice."[6]

Although the use restrictions in the settlement agreement are functionally equivalent to those found in restrictive covenants contained in or incorporated into deeds, VHCA acknowledges that it did not record the settlement agreement within the property's chain of title. And it is undisputed that neither Ponce nor Paces obtained actual notice of the agreement until after Ponce purchased the property.

Perhaps for these reasons, VHCA in this appeal eschews reliance on the settlement agreement as such. Instead, VHCA argues that the City of Atlanta ordinance and Senate resolution secure its approval rights under the settlement agreement and that Ponce took the property subject to those rights because it is charged with notice of the law.[7]

We agree that Ponce is charged with notice of obligations which the law imposed on it and the DOT. But we conclude that the laws relied on by VHCA did not impose any obligations on either Ponce or the DOT which have been breached in this case. Through the ordinance, the Atlanta City Council merely approved the settlement agreement and authorized its execution and implementation by the named city officials. While the ordinance recognized the provisions of the settlement agreement, it did not purport to give them the force of law. Although the Senate resolution did require DOT to dispose of the Ponce/Barnett right-of-way in accordance with a land use plan developed after passage of the resolution, the land use plan as adopted does not restrict Ponce's use of the property. Ponce is not charged with notice of encumbrances upon its property contained in an agree-

---

[3] See *Anderson v. Streck*, 190 Ga. App. 224, 225-226 (378 SE2d 526) (1989).

[4] See OCGA § 44-2-6; *Roth v. Connor*, 235 Ga. App. 866, 871 (3) (510 SE2d 550) (1998); compare *Dept. of Transp. v. Brooks*, 254 Ga. 303, 317-318 (10) (328 SE2d 705) (1985) (involving actual notice of matters outside chain of title).

[5] See *Middle Ga. Realty v. IDS Homes*, 231 Ga. 57, 58-59 (1) (200 SE2d 141) (1973).

[6] *Archer v. Kelley*, 194 Ga. 117, 122 (1) (21 SE2d 51) (1942).

[7] *City Council of St. Mary's v. Crump*, 251 Ga. 594, 595 (2) (308 SE2d 180) (1983); see *Walston & Assoc. v. City of Atlanta*, 224 Ga. App. 482, 483 (1) (480 SE2d 917) (1997).

ment settling litigation to which it was not a party, merely because an uncodified municipal ordinance and state legislative resolution made reference to the agreement. To hold otherwise would place a burden on title examiners to alert themselves to information which there is no systematic way to discover.

The court did not err in denying VHCA's requests for declaratory and injunctive relief.

*Judgment affirmed. Blackburn, C. J., and Smith, P. J., concur. Barnes, J., not participating.*

DECIDED JUNE 12, 2001 — 

*Meadows, Ichter & Trigg, Michael J. Bowers, Thomas J. R. Archer, Christopher S. Anulewicz,* for appellant.

*Wilson, Brock & Irby, Richard W. Wilson, Jr., Larry M. Dingle, Marianne C. Boston, James S. Teague, Jr.,* for appellees.