**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and COLVIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**July 21, 2021**

# In the Court of Appeals of Georgia

A21A1151. VAZEMILLER et al. v. SANDERS

A21A1152. EVANS v. SANDERS.

MERCIER, Judge.

These appeals arise from a dispute over title to land located in Dawson County. Claiming ownership of the property, Kenneth Sanders sued Timothy Evans, Victor Vazemiller, and Yelena Vazemiller for damages and to cancel a deed purportedly transferring the land from Evans to the Vazemillers. The trial court granted partial summary judgment to Kenneth[1] and denied the Vazemillers' cross-motion for summary judgment. The Vazemillers appeal the trial court's order in Case No. A21A1151, and Evans challenges the same order in Case No. A21A1152. For reasons

---

[1] Because our discussion also references Kenneth's wife, Kristi Sanders, we will refer to both by their first names.

that follow, we reverse the trial court's grant of partial summary judgment to Kenneth in Case No. A21A1151, vacate the denial of the Vazemillers' motion for summary judgment, and remand for further proceedings. Given that ruling, we dismiss as moot Evans's appeal in Case No. A21A1152.

*Case No. A21A1151*

1. Summary judgment is appropriate when no genuine issues of material fact remain and the moving party is entitled to judgment as a matter of law. See OCGA § 9-11-56 (c). We review the grant of summary judgment de novo, construing the evidence and all reasonable inferences in the light most favorable to the nonmovant. See *Cleveland Campers v. R. Thad McCormack, P. C.*, 280 Ga. App. 900 (2) (635 SE2d 274) (2006).

So viewed, the record shows that the property at issue was part of a large parcel of land that originally belonged to Deborah Allen Lamb, the mother of Evans and Kenneth's wife, Kristi. In 2010, Lamb divided the property into two tracts (A and B), deeded Tract A to Kristi and Kenneth (collectively, "the Sanders"), and deeded Tract B to Evans. Neither Evans nor the Sanders immediately recorded the deeds.

At some point, the Sanders indicated to Evans and Lamb that they had lost their deed. According to Evans and Lamb, the Sanders also stated that they did not want

2

the property, and Kristi told her mother to put Tract A in Evans's name. Evans agreed to pay the overdue taxes on Tract A if his mother deeded it to him. Following that payment, Lamb executed a January 2015 quitclaim deed purporting to transfer both Tract A and Tract B to Evans, who recorded the deed on February 2, 2015.

After receiving the deed to both tracts, Evans decided to market the entire parcel for sale. Kenneth objected to the sale of Tract A, and on April 14, 2015, he recorded the deed he and Kristi had received from Lamb in 2010 ("the Sanders deed") that had allegedly been lost. The record shows that although the Sanders had previously lived on the property, neither Kenneth nor Kristi lived there around the time Evans listed it for sale.

In February 2016, the Vazemillers agreed to purchase both tracts of land from Evans. The closing was held on March 15, 2016, with the law firm of O'Kelley & Sorohan acting as closing attorney and agent of the title insurance company. The limited warranty deed delivered to the Vazemillers following the closing, however, mistakenly did not include Tract A in the property description. On August 5, 2016, Evans executed a corrected limited warranty deed that conveyed both Tract A and Tract B to the Vazemillers. The corrected warranty deed was recorded on August 10, 2016.

In the meantime, Kenneth spoke with his attorney about his legal rights to Tract A. According to Kenneth, his attorney told him that he was the owner, and he moved back to the property in July 2016, but was evicted approximately two weeks later. On August 3, 2016, Kenneth's attorney sent a letter to Evans and Lamb by statutory overnight delivery, asserting that the Sanders owned Tract A, that Evans and Lamb had conspired to illegally sell the property, and that Evans had converted various pieces of the Sanders's personal property located on the land. The attorney also sent a copy of the letter to the Vazemillers by regular mail. Victor Vazemiller testified that they received a copy of the letter on the afternoon of August 5, 2016, after Evans had executed the corrected warranty deed.

Kenneth sued Evans and the Vazemillers, seeking, among other things, cancellation of the corrected warranty deed, as well as damages for fraud and conversion.[2] The Vazemillers raised several counterclaims, including a conventional quiet title claim. Kenneth moved for partial summary judgment as to ownership of Tract A, asserting that he owned the property as a matter of law by virtue of the 2010 deed from Lamb. The Vazemillers filed a cross-motion for summary judgment,

---

[2] Kristi originally joined in the suit as a plaintiff, but she voluntarily dismissed her claims with prejudice on October 10, 2019.

arguing that they were bona fide purchasers for value and thus rightful owners of the property.

Following a hearing, the trial court found that, without dispute, O'Kelley & Sorohan had located the Sanders deed during a title search conducted before the corrected warranty deed was executed. The court noted that the deed was not in the Vazemillers' chain-of-title. It concluded, however, that the attorneys' discovery placed the Vazemillers on notice of Kenneth's interest in the property, undermining their bona-fide-purchaser-for-value claim. Deeming Kenneth the owner of Tract A, the trial court granted him partial summary judgment on that issue and denied the Vazemillers' cross-motion for summary judgment.

On appeal, the Vazemillers argue that the trial court erred in concluding, as a matter of law, that they were on notice of the Sanders deed and not bona fide purchasers for value. We agree. "A bona fide purchaser for value is protected against outstanding interests in land of which the purchaser has no notice." *Montgomery v. Barrow*, 286 Ga. 896, 897 (1) (692 SE2d 351) (2010) (citation and punctuation omitted). Generally, "there is a presumption of good faith which attaches to a purchaser for value and which remains until overcome by proof." Id. (citation and punctuation omitted). A purchaser is charged with constructive notice of recorded

instruments within the purchaser's chain of title. See *Va. Highland Civic Assn. v. Paces Properties*, 250 Ga. App. 72, 74 (550 SE2d 128) (2001). If a recorded instrument falls outside the chain of title, however, the filing does not give a purchaser constructive notice of the instrument. See id.

The trial court found as matter of law that the 2010 Sanders deed was recorded outside of the Vazemillers' chain of title. See *Real Estate Operators v. McMahon*, 171 Ga. 454, 461-462 (155 SE 755) (1930) ("The rule in this State is that a recorded deed, in order to operate as a constructive notice to a bona fide purchaser of land, must be a link in the purchaser's chain of title."). Kenneth does not challenge this finding on appeal. The question, therefore, is whether the record shows that the Vazemillers otherwise had notice of Kenneth's interest.

The trial court concluded that the Vazemillers had notice, and thus cannot qualify as bona fide purchasers for value, because O'Kelley & Sorohan discovered the Sanders deed during a title search conducted at some point during the closing process. In reaching this conclusion, the court found "*no* question of material fact that . . . O'Kelley & Sorohan did, in fact, represent the Vazemillers in conducting [the] title examination." (Emphasis in original). Although the evidence shows that O'Kelley & Sorohan did not inform the Vazemillers about the Sanders deed before

6

the closing, the court determined that the firm's knowledge of the deed "inured to the Vazemillers" as a matter of law.

It is true that "notice to an attorney is notice to the client employing him, and that knowledge of an attorney is knowledge of his client, when such notice and knowledge come to the attorney in and about the subject matter of his employment." *Mathis v. Blanks*, 212 Ga. 226, 226 (1) (91 SE2d 509) (1956). But a closing attorney does not necessarily enter into an attorney-client relationship with a purchaser of real estate. See *Richard v. David*, 212 Ga. App. 661, 661-662 (1) (442 SE2d 459) (1994). And in this case, there is evidence that no such relationship existed. The O'Kelley & Sorohan attorney who conducted the March 2016 closing testified by affidavit that the law firm did not represent the Vazemillers during the transaction. The Vazemillers gave similar testimony, indicating that they did not select O'Kelley & Sorohan as closing attorneys, the firm provided them no legal advice, and the firm did not represent them. Moreover, the closing documents included the following acknowledgment signed by the Vazemillers and Evans:

> **Purchaser and Seller acknowledge that the Settlement Agent** [(identified as O'Kelley & Sorohan)] **serves as transaction agent only and does not represent Seller or Purchaser in any matter related to this transaction. Purchaser and Seller acknowledge that they did not**

7

**receive or rely upon any advice from said closing attorney regarding any matter related to or a part of this transaction.** Purchaser acknowledges that the charges for title insurance shown [on the settlement statement] include fees and compensation to Settlement Agent as closing attorney and as an agent for the title insurance company underwriting this transaction.

(Emphasis in original).

"Though an attorney-client relationship generally is a matter of express contract, it may be implied from the conduct of the parties." *Cleveland Campers*, supra at 903 (2). Ultimately, there must be "a 'reasonable belief' on the part of the would-be client that he or she was being represented by the attorney." Id. (citation and punctuation omitted). Such "reasonable belief is one which is reasonably induced by representations or conduct on the part of the attorney." Id. (citation and punctuation omitted).

Given the evidence here, particularly the signed acknowledgment and the testimony from the Vazemillers and the closing attorney, the trial court erred in finding as a matter of law that an attorney-client relationship (or other principal-agent relationship) arose between the Vazemillers and O'Kelley & Sorohan. See *Richard*, supra at 662 (1) (evidence did not support finding of an attorney-client relationship

8

between real estate purchaser and closing attorney, even though purchaser selected the attorney and paid attorney fees as part of closing costs); *Carmichael v. Barham*, 187 Ga. App. 494, 495 (370 SE2d 639) (1988) (no attorney-client relationship arose where purchasers executed document at closing stating that closing attorney did not represent them); compare *Calhoun v. Tapley*, 196 Ga. App. 318, 320 (395 SE2d 848) (1990) (genuine issue of material fact existed as to attorney-client relationship where some evidence demonstrated that attorney led individual to believe that he was representing her). Based on that incorrect finding, the trial court erroneously concluded that the Vazemillers necessarily had notice of the Sanders deed and could not "qualify as bona fide purchasers for value." Accordingly, because the record does not support the trial court's award of partial summary judgment to Kenneth, we reverse that ruling.

2. The Vazemillers claim that the trial court erred in (1) denying their motion for summary judgment on the conventional quiet title counterclaim and (2) failing to cancel the Sanders deed. At base, the Vazemillers argue that they are entitled to summary judgment because, as a matter of law, they were bona fide purchasers for value. It is clear, however, that the trial court never reached the merits of the

9

Vazemillers' arguments because it erroneously found that they were *not* bona fide purchasers for value for the reason discussed in Division 1.

We decline to address the Vazemillers' arguments for the first time on appeal. See *Earls v. Aneke*, 350 Ga. App. 455, 460-461 (1) (829 SE2d 661) (2019) ("To be sure, there are instances when this Court will review a record and determine that a summary judgment ruling was right for a reason other than the one given by the trial court, but it is improper for us to consider whether the trial court was 'wrong for any reason.'"). Rather, we vacate the trial court's order to the extent it denied the Vazemillers' motion for summary judgment and remand the case for the trial court to consider their arguments. On remand, the trial court shall also consider any arguments raised by Kenneth and Evans during the summary judgment proceedings that were not addressed in the court's original ruling.[3]

*Case No. A21A1152*

---

[3] For example, Kenneth argued below that his presence on the property in July 2016 gave the Vazemillers notice of his property interest before the corrected warranty deed transferring Tract A was executed. And Evans argued that questions of fact remain as to whether Kenneth's 2010 deed is valid. We express no opinion on these claims, but note only that the trial court should consider any outstanding summary judgment arguments on remand.

10

3. In Case No. A21A1152, Evans argues that, for various reasons, the trial court erred in granting partial summary judgment to Kenneth. Because we reversed the award of partial summary judgment to Kenneth in Division 1, Evans's appeal is dismissed as moot. See *Great Water Lanier v. Summer Crest at Four Seasons on Lanier Homeowners Assn.*, 344 Ga. App. 180, 190 (3) (811 SE2d 1) (2018).

*Judgment in Case No. A21A1151 reversed in part, vacated in part, and case remanded for further proceedings. Appeal in Case No. A21A1152 dismissed. Dillard, P. J., and Colvin, J., concur.*